No. 48,615

STATE OF KANSAS, *Appellee,* v. GARY F. HOLMES, *Appellant.*

(563 P.2d 480)

Opinion filed April 9, 1977.

*Robert M. Brown,* of Topeka, argued the cause, and was on the brief for the appellant.

*Gene M. Olander,* district attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in a criminal action in which the defendant-appellant, Gary F. Holmes, was convicted of unlawful possession of a firearm (K. S. A. 21-4204 [1] [b]). The facts are undisputed and are as follows: On May 28, 1975, in case number 29,651 in the district court of Shawnee county the defendant Holmes entered a plea of *nolo contendere* to the offense of attempted aggravated robbery (K. S. A. 21-3301 and K.S.A. 21-3427). The trial court immediately accepted the plea and found the defendant guilty of that felony. The district court thereupon continued the case for a presentence report and sentencing which was set for June 25, 1975.

During the interim period while defendant was awaiting sentence and specifically on June 15, 1975, the defendant Holmes had in his possession a .22-caliber pistol with a barrel less than 12 inches in length which weapon was discharged by the defendant causing the death of another person. On June 17, 1975, the defendant was charged in case number 29,859 with murder in the first degree (K. S. A. 21-3401) in count 1 and unlawful possession of a firearm (K. S. A. 21-4204 [1] [b]) in count 2. On September 24, 1975, the state amended count 1 to charge involuntary man-

slaughter (K. S. A. 21-3404) and the defendant entered his plea of guilty to the amended charge. This left for disposition count 2 charging unlawful possession of a firearm, the charge involved in this case. The defendant admitted that he had had possession of a firearm on June 15, 1975; his only defense was that at the time he possessed the firearm, he was not a person who had been previously convicted of a felony and hence was not guilty of unlawful possession of a firearm as a matter of law. It was the defendant's position that the finding of guilty of attempted aggravated robbery by the court on May 28, 1975, in case number 29,651 did not constitute a prior conviction of a felony by virtue of the fact that sentence had not yet been imposed or final judgment entered in that case at the time the defendant possessed the firearm on June 15, 1975. The district court rejected this contention and ruled that the district court's finding of guilty in the previous case on May 28, 1975, constituted a prior conviction for the purpose of K. S. A. 21-4204 (1) (*b*). Following his conviction in this case the defendant appealed.

The sole issue presented for determination on this appeal is whether the defendant Holmes had the status of a convicted felon on June 15, 1975, when he possessed the firearm, since at that time he had not yet been sentenced for the offense of attempted aggravated robbery. We have concluded that the district court was correct in its ruling and that the judgment of the district court should be affirmed. It is the adjudication of guilt not the imposition of sentence which constitutes a "conviction" within the meaning of K. S. A. 21-4204 (1) (*b*). On March 28, 1975, in the attempted aggravated robbery case the defendant entered a plea of *nolo contendere*. While a plea of *nolo contendere*, unlike a plea of guilty, may not be used as an admission in any other action based on the same act, for all other purposes a conviction based on a plea of *nolo contendere* is just like any other conviction. (*State v. Buggs,* 219 Kan. 203, 547 P. 2d 720.) The term "conviction" is defined in K. S. A. 21-3110 (4) as follows:

" 'Conviction' includes a judgment of guilt entered upon a plea of guilty." The question then arises as to whether a judgment of guilt was entered upon the defendant's plea of *nolo contendere* on March 28, 1975.

K. S. A. 22-3209 (2) provides that a plea of *nolo contendere* is a formal declaration that the defendant does not contest the charge

and when a plea of *nolo contendere* is accepted by the court, a finding of guilty may be adjudged thereon. Under this statute when a court accepts a tendered plea of *nolo contendere* and adjudges a finding of guilt thereon, the defendant at that point has been convicted of the offense covered by the plea of *nolo contendere.*

K. S. A. 22-3210 sets forth certain conditions to be complied with before a plea of guilty or *nolo contendere* may be accepted by a trial court:

"22-3210. **Plea of guilty or *nolo contendere.*** Before or during trial a plea of guilty or *nolo contendere* may be accepted when:

"(1) The defendant or his counsel enters such plea in open court; and

"(2) In felony cases the court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and

"(3) In felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea; and

"(4) The court is satisfied that there is a factual basis for the plea.

"(5) In felony cases the defendant must appear and plea personally and a record of all proceedings at the plea *and entry of judgment thereon* shall be made and a transcript thereof shall be prepared and filed with the other papers in the case.

"(6) In misdemeanor cases the court may allow the defendant to appear and plead by counsel.

"(7) A plea of guilty or *nolo contendere,* for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

It is clear to us that once the statutory procedure has been complied with and the plea of guilty or *nolo contendere* has been accepted and a finding of guilty entered thereon, the defendant stands convicted of the offense unless the court thereafter sets aside the finding of guilty and permits the defendant to withdraw his plea of guilty or *nolo contendere.* It is undisputed in this case that the district court's finding of guilty on defendant's plea of *nolo contendere* on May 28, 1975, has never been set aside. Since that date the defendant has had the status of a convicted felon.

In support of this conclusion we note a number of sections of the criminal code and the code of criminal procedure where the legislature has declared that a defendant has been convicted of a crime even though sentence has not yet been imposed. Examples are K. S. A. 21-4503, 21-4504, 21-4604, 22-2804, and 22-3429.

Each of these statutes refers to a person who has been convicted of a crime prior to the imposition of sentence on such conviction.

The purpose behind K. S. A. 21-4204. (1) (*b*) was to keep certain dangerous weapons out of the hands of convicted felons. The legislature determined that persons convicted of a felony are a danger to society and should not have in their possession certain types of weapons. (*State v. Moffitt,* 199 Kan. 514, 532, 431 P. 2d 879; *State v. Goodseal,* 220 Kan. 487, 493, 553 P. 2d 279.) To achieve the legislative purpose K. S. A. 21-4204 (1) (*b*) should be held applicable following a conviction of a felony although sentence has not yet been imposed.

The judgment of the district court is affirmed.