**James R. FORD, Appellant**
(Petitioner Below),

v.

**STATE of Indiana, Appellee**
(Respondent Below).

No. 92A04–9008–PC–387.

Court of Appeals of Indiana,
Fourth District.

April 22, 1991.

Susan K. Carpenter, Public Defender, Patrick R. Ragains, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Ian A.T. McLean, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Petitioner–Appellant James R. Ford (Ford) appeals the Whitley Superior Court's denial of his petition for post-conviction relief.

We affirm.

This appeal presents the following restated issues:

1. whether the trial court's failure to formally accept Ford's guilty plea and enter formal judgment denied him due process of law,

2. whether the post-conviction court's failure to find a knowing, intelligent, and voluntary waiver of post-conviction counsel by Ford was error, and

3. whether he was denied due process because the post-conviction court failed to forward his pro se post-conviction relief petition to the state public defender before entering judgment.

In 1984, Ford was charged in the Whitley Superior Court with receiving stolen property. Initially, he pled not guilty, but after consulting with his attorney and being duly advised of his rights by the court, changed his plea to guilty. He had also signed a guilty plea agreement acknowledging he understood his *Boykin* rights, and that his plea was entered freely and voluntarily. At the hearing's conclusion, the trial judge said she would take Ford's plea "under advisement", ordered the probation department to prepare a pre-sentence report, and set Ford's case for sentencing. (R. 103–104).

At the sentencing hearing, Ford reassured the trial judge he pled guilty to the charge and desired to be sentenced according to law. (R. 105–108). He received a four year sentence. Several of Ford's pro se post trial motions were denied.

Ford then advised the court he wanted to file a pro se petition for post-conviction relief. Appropriate transcripts were prepared and forwarded to Ford for his use in this regard. When he filed his petition over a year later, his pro se petition form said he was "undecided presently" next to the yes/no boxes inquiring whether he desired to have the services of the State Public Defender. (R. 61).

From the trial court's denial of his post-trial petition, Ford appeals, but not pro se. His brief was prepared and filed by the State Public Defender. Accepting the State's wisdom in discussing Ford's contentions in reverse order to save judicial time in case of reversal, we also will do so.

Ford argues the trial court had an obligation to forward his petition for post-conviction relief to the State Public Defender because attached to it was an affidavit of indigency. The State counters Ford's placing of the words "undecided presently" next to the form's query as to whether the petitioner desired the assistance of the State Public Defender amounts to a waiver of such assistance and the expression of a desire to proceed pro se. The answer depends on whether the right to counsel in a post-conviction proceeding may be waived.

Ind. Post Conviction Rule 1 § 2 states, in pertinent part:

... If an affidavit of indigency is attached to the petition, the clerk shall call this to the attention of the court. If the court finds that the petitioner is indigent, it shall allow petitioner to proceed in forma pauperis and order a copy of the

petition sent to the Public Defender's Office.

and, Ind. Post Conviction Rule 1 § 9 states:

a) Upon receiving a copy of the petition, including an affidavit of indigency, from the clerk of the court, the Public Defender shall serve as counsel for petitioner, representing him in all proceedings under this Rule, including appeal, if necessary. Petitioner *retains the right to* employ his own counsel or *proceed pro se,* but the court is not required to appoint counsel for a petitioner other than the Public Defender.... (Emphasis added).

■ The post-conviction relief process is a special, quasi-civil remedy which allows a party to present error which was not available or known at the time of his original trial or appeal. *Smith v. State* (1987), Ind., 516 N.E.2d 1055, *cert. den'd.,* 488 U.S. 934, 109 S.Ct. 330, 102 L.Ed.2d 347; *State v. Hollon* (1986), Ind., 494 N.E.2d 280, *reh. den'd.; State ex rel. Allen v. Fayette Circuit Court* (1948), 226 Ind. 432, 81 N.E.2d 683, 684. The post-conviction petition form asks each petitioner if he wishes to be represented by the State Public Defender at question 18(a), and Rule 1 § 9(a) specifically advises petitioners they are to be represented by the State Public Defender unless they wish to proceed pro se, as it is their right to do under the Rule.

■ Petitioner's "undecided presently" response, coupled with the Rule's grant of a *right* to proceed pro se, demonstrates Ford's intent to exercise that right, at least for the present, in the trial court. Sections 2 and 9 must be read and construed together. Clearly, if a petitioner desires to proceed pro se, it is a useless act for the trial court to forward the pro se petition to the State Public Defender. Further, if the Public Defender's services were forced on pro se petitioners not desiring such services, the right specifically granted petitioners in section 9 to proceed pro se would be violated. Because Ford's response to the form's 18(a) query demonstrated a present intention to proceed on his own, the trial court was relieved of its duty to order the petition forwarded to the State Public De-

fender. The trial court did not err in this regard.

■ Ford next contends the post-conviction court had the obligation to determine whether Ford understood his right to be represented by counsel, to inform him of the dangers of representing himself in court, and to determine whether or not he freely and voluntarily waived that right prior to proceeding in his post-conviction matter. We disagree.

The right to counsel is guaranteed neither by the 6th Amendment to the U.S. Constitution nor art. 1 § 13 of the Indiana Constitution in post-conviction relief proceedings. *Baum v. State* (1989), Ind., 533 N.E.2d 1200, 1201; *Pennsylvania v. Finley* (1987), 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539. Because such right is not guaranteed, the trial court has no constitutional duty to inform the post-conviction petitioner of the pitfalls of self-representation. Such proceedings are for the petitioner's benefit and available to him at his option; and, if invoked, do not place him in further criminal jeopardy. There are only two constitutional requirements imposed upon our state government regarding post-conviction petitioners: (a) a prisoner is entitled to access to the courts, *Spires v. Dowd* (7th Cir.1959), 271 F.2d 659; and (b) the state may not validly enforce a regulation barring inmates from assisting other prisoners in the preparation of post-conviction relief, absent some reasonable alternative thereto, *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969).

Further, we judicially know legal research facilities, including law libraries, are available to every penal institution inmate in Indiana. Thus, the specific provisions of Post–Conviction Rule 1 § 9 regarding the availability of the State Public Defender's office for counseling and representation in post-conviction matters is accessible to each one. It is also readily apparent from his answer to Question 18(a), that Ford understood such services were available to him if he desired them. Under these circumstances, there was no constitutional urgency for the trial court to advise Ford as to the perils of self-representation. We find no error here.

■ Finally, Ford urges the trial court erred by sentencing him without having formally accepted his guilty plea on the record, and by entering a formal judgment of conviction, as required by IC 35–38–1–1. We disagree.

■ Ford not only does not deny his guilt here, he affirmed several times to the trial court prior to sentencing he was pleading guilty. Although judgment was not entered, Ford was sentenced. When a defendant pleads guilty, he makes a judicial admission of actual guilt. *Patton v. State* (1987), Ind., 517 N.E.2d 374, 375, *reh. den'd.* The plea itself is a guilty verdict. *McKrill v. State* (1983), Ind., 452 N.E.2d 946, 949. It has long been the law in this state that no reversible error occurs when a court conducts a hearing at which a guilty verdict is made, does not formally enter judgment on that verdict, but then sentences the defendant. *Thompson v. State* (1986), Ind., 492 N.E.2d 264, 271–272, *reh. den'd.* In such case, the sentence is the final judgment of conviction in a criminal proceeding. *Terrell v. State* (1979), 180 Ind.App. 634, 390 N.E.2d 208, 209. A proper sentencing renders the judgment required by IC 35–38–1–1. *Thompson, Id.* Ford does not contend his sentencing was improper. We find no error.[1]

Affirmed.

RATLIFF, C.J., and CHEZEM, J., concur.

---

1. Our Supreme Court recently substantially amended P–CR 1. Under the former rule discussed in this case, representation by the State Public Defender was mandatory under Section 9, and the SPD was obligated to continue that representation even though the petitioner's post-conviction case was hopeless. Because the SPD's office and the appellate courts have been inundated with totally meritless post-conviction relief proceedings, our Supreme Court deemed the current rule change necessary. Under it, the State Public Defender has much more discretion in selecting the post-conviction relief cases that office will pursue.

The new rule does *not* deny any indigent petitioner the right to challenge any conviction or sentence. All may proceed *pro se.* It does deny inmate-petitioners having no present need for relief the right to counsel on challenges to prior sentences, and denies inmate petitioners the right to continued representation by the SPD on convictions with present penal consequences if after review and investigation, the SPD finds the proceeding is not meritorious and in the interests of justice. We recommend a studied reading of this important rule change by all interested parties. The new rule's goal is reducing delay and the expenditure of judicial resources in fruitless litigation.