No. 67,748

STATE OF KANSAS, *Appellee,* v. DANIEL RAY ROYSE, *Appellant.*

(845 P.2d 44)

Opinion filed January 22, 1993.

*Rebecca E. Woodman,* assistant appellate defender, argued the cause, and *Wendy L. Rhyne Slayton,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, were on the briefs for appellant.

*Ann L. Smith,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: The district judge imposed maximum sentences of 15 years to life on each count of second-degree murder, but failed to state whether the sentences were to run concurrently or consecutively. Subsequently, the trial court ordered the sentences to run consecutively. Royse appeals, claiming the district judge had no jurisdiction at that time to enhance his sentence by ordering the sentences be served consecutively.

On July 16, 1991, Daniel Ray Royse pled guilty to two counts of second-degree murder of his 87-year-old grandmother and 70-

year-old aunt. On August 29, 1991, the district court sentenced Royse to a term of 15 years to life on each count, stating:

"Well, prior to fixing sentence, I want the record to be very clear that I have considered all of the criteria for fixing minimum terms as outlined by K.S.A. 21-4606, and several questions that I have asked here today [are] in line with that statute. It will be the sentence of the Court on Count I of the Information that you serve a sentence of not less than fifteen, not to exceed twenty years—not to exceed life imprisonment in the state penitentiary. Count II of the Information, that you serve a term of not less than fifteen, not to exceed life confinement in the state penitentiary. Those are the maximum sentences there, Mr. Royse. You will be committed to the Secretary of Corrections. You will be referred to the Kansas Reception and Diagnostic Center for report back to this Court within 120 days. Possible modification of sentence at that time, or I'm sure Mr. Casebeer will file appropriate applications for whatever."

When imposing the sentence, the court failed to address whether the two sentences were to run concurrently or consecutively. When the trial court realized its omission, it ordered the defendant to appear on September 5, 1991. Sua sponte, the court ordered the sentences to run consecutively, stating:

"I overlooked when I sentenced him last week for a variety of reasons whether or not the sentences imposed were to be run consecutive or concurrent. Since I neglected to make that finding in open court, I'm going to do it today.

"It's the order of the Court that the sentences imposed by the Court last week be consecutive."

Royse appeals the order directing the sentences to be served consecutively. The defendant asserts once the sentence had been imposed, the district judge's power to modify the sentence is limited to reducing the sentence.

For authority from other jurisdictions, defendant cites *Ex Parte Reynolds*, 462 S.W.2d 605 (Tex. Crim. App. 1970). In *Reynolds*, the trial court imposed two separate sentences upon the defendant for two separate crimes. The court failed to state on the record whether the sentences were to run concurrently or consecutively. Texas had a statute in effect providing that where a trial court fails to order that two or more sentences in different prosecutions shall be cumulative, the terms of imprisonment automatically run concurrently. Four days after sentence was pronounced, the defendant was returned to court and informed by the judge that

the sentences would run consecutively. The reviewing court noted that, when a court does not order that two or more sentences in different prosecutions shall be cumulative as permitted by statute, the terms of imprisonment automatically run concurrently. It found that the order of consecutive sentences was void and of no effect and that the concurrent sentences originally imposed remained in full force and effect.

As for statutory authority for the proposition that the judge could not enhance the original sentence imposed, the defendant points to two statutes, K.S.A. 1991 Supp. 21-4603(4)(a) and K.S.A. 1991 Supp. 21-4608(1). K.S.A. 1991 Supp. 21-4603(4)(a) provides in part that "at any time within 120 days after a sentence is imposed . . . the court may modify such sentence . . . by directing that a less severe penalty be imposed." K.S.A. 1991 Supp. 21-4608(1) provides in part that "[w]henever the record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently."

The fundamental rule of statutory construction is that the purpose and intent of the legislature governs. *State v. Cole*, 238 Kan. 370, 371, 710 P.2d 25 (1985). When a penal statute is questioned, the court is required to strictly construe the act in favor of the accused. *State v. Cole*, 238 Kan. at 372. However, this rule of strict construction concerning penal statutes is subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate legislative design and intent. *State v. Fowler*, 238 Kan. 213, 215, 708 P.2d 539 (1985). Words in common usage are to be given their natural and ordinary meaning. *State v. Magness*, 240 Kan. 719, 732 P.2d 747 (1987); *Szoboszlay v. Glessner*, 233 Kan. 475, 478, 664 P.2d 1327 (1983).

In interpreting 21-4603(4)(a), we must strictly construe the statute in favor of the accused. *State v. Magness*, 240 Kan. at 721. The question is whether the statute allows a sentence to be modified by imposing a greater sentence. The predecessor statute, G.S. 1949, 62-2239 (1959 Supp.), provided a district court the authority to "modify a sentence within sixty (60) days after it is imposed." In construing that language, we stated that the word "modify" empowered the court to reduce a sentence but did not authorize it to increase a sentence. *Veronee v. State*, 193 Kan. 681, 683, 396 P.2d 360 (1964). Both the case law interpreting

the predecessor statute and the clear language of 21-4603(4)(a) prohibit the court from increasing sentences.

Defendant argues that because the trial court did not order the sentences to run consecutively when the sentence was pronounced, K.S.A. 1991 Supp. 21-4608(1) precludes the judge's subsequent order directing that the sentences be increased by ordering the sentences to be served consecutively.

The State claims the "record" referred to in 21-4608(1) is the record of judgment/journal entry referred to in K.S.A. 22-3426. The State asserts 21-4608 directs the Secretary of Corrections to apply the less stringent penalty of concurrent sentences if the record does not specify that sentences are to be served consecutively. It argues because no journal entry had been filed at the time the judge ordered the sentence to be served consecutively, the statute is not relevant. The State also notes a district court may correct an illegal sentence by later imposition of a proper sentence. K.S.A. 22-3504. Although the State does not claim the original sentence is illegal, apparently it is the State's hope that this court will decide the judge's subsequent imposition of consecutive sentences was not an enhancement of the original sentence.

Ordinarily, in a legal sense, "sentence" is synonymous with "judgment" and denotes the action of a court of criminal jurisdiction formally declaring to the defendant the legal consequences of the guilt to which he has confessed or of which he has been convicted. *Roberts v. State*, 197 Kan. 687, Syl. ¶ 1, 421 P.2d 48 (1966). In criminal cases, the judgment must be rendered and sentence imposed in open court. The judgment in a criminal case, whether it imposes confinement, imposes a fine, grants probation, suspends the imposition of sentence, or imposes any combination of those alternatives, is effective upon its pronouncement from the bench. The court's judgment and sentence in a criminal case do not derive their effectiveness from the journal entry, or from any act of the clerk; they are effective when announced. *State v. Moses*, 227 Kan. 400, Syl. ¶¶ 1, 2, 3, 607 P.2d 477 (1980).

In *State v. Zirkle*, 15 Kan. App. 2d 674, 814 P.2d 452 (1991), the district judge sentenced the defendant to a term of one to five years' imprisonment. After imposing the sentence, the judge

inquired as to the jail time the defendant had already served, vacated the sentence, and ordered that the sentence be increased to two to five years. 15 Kan. App. 2d at 675. The Court of Appeals noted *State v. Moses*, 227 Kan. at 402-03, and found that Zirkle had been sentenced when the judge announced the one- to five-year sentence from the bench.

Once a sentence is imposed, the district court is powerless to vacate that sentence and impose a harsher sentence. *State v. Zirkle*, 15 Kan. App. 2d at 678.

Royse's sentencing was complete when orally pronounced on August 29, 1991, and could not subsequently be increased on September 5, 1991. The sentences must be served concurrently.

The order imposing consecutive sentences is vacated, and the case is remanded with directions to order the sentences to be served concurrently.