(855 P.2d 87)

No. 67,830 [1]

STATE OF KANSAS, *Appellee*, v. CHARLENE T. MORSE, *Appellant.*

Opinion filed April 2, 1993.

*Wendy L. Rhyne Slayton*, assistant appellate defender, and *Steven R. Zinn*, deputy appellate defender, for appellant.

*David Lowden*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before ELLIOTT, P.J., BRAZIL, J., and ADRIAN J. ALLEN, District Judge Retired, assigned.

ELLIOTT, J.: Charlene T. Morse directly appeals from the sentences imposed and subsequent denial of sentence modification resulting from her plea of guilty to the offenses of aggravated robbery, contrary to K.S.A. 21-3427, a class B felony, and attempted kidnapping, contrary to K.S.A. 21-3420 and K.S.A. 1990 Supp. 21-3301, a class C felony.

Originally charged with one count of aggravated robbery and two counts of kidnapping, the defendant later pled guilty to one count of aggravated robbery and one count of attempted kidnapping in exchange for the dismissal of one count of kidnapping, the reduction of the other kidnapping charge to attempted kidnapping, and the State's promise to recommend concurrent minimum sentences on both counts.

The trial court accepted the plea and later imposed consecutive sentences of 8 to 20 years for aggravated robbery and 5 to 10

years for attempted kidnapping. Defendant's motion to modify sentence was denied, and she timely appeals.

The plea transcript and record of plea reflect that the trial court accepted the defendant's plea but never entered a finding of guilt. Although neither party has addressed this issue, this court, under its power to raise an issue *sua sponte*, may address it. See *State v. Puckett*, 230 Kan. 596, 599, 640 P.2d 1198 (1982).

Although the journal entry of judgment recites that the court adjudges the defendant "guilty," the transcript of the plea proceeding and the record of the plea reflect that no such determination took place in defendant's presence. The journal entry recitation is not controlling. "In criminal cases, the judgment must be rendered and sentence imposed in open court." *State v. Royse*, 252 Kan. 394, 397, 845 P.2d 44 (1993). In criminal cases, when a dispute arises between the journal entry and transcript of the proceeding in question, the transcript controls because "[t]he court's judgment and sentence in a criminal case do not derive their effectiveness from the journal entry, or from any act of the clerk; they are effective when announced." *Royse*, 252 Kan. at 397. Accord *State v. Moses*, 227 Kan. 400, Syl. ¶¶ 1-3, 607 P.2d 477 (1980). Because the transcript is controlling, the issue raised here must be addressed.

K.S.A. 1990 Supp. 21-3110(4) provides that " '[c]onviction' includes a judgment of guilt *entered* upon a plea of guilty." (Emphasis added.) K.S.A. 22-3210(b) provides: "In felony cases the defendant must appear and plead personally and a verbatim record of all proceedings at the plea and *entry of judgment* thereon shall be made." (Emphasis added.) See also *Royse*, 252 Kan. at 397 (in criminal cases court's judgment effective when announced from the bench and in open court).

In *State v. Holmes*, 222 Kan. 212, 214, 563 P.2d 480 (1977), the Supreme Court stated:

"It is clear to us that once the statutory procedure has been complied with *and the plea of guilty or nolo contendere has been accepted and a finding of guilty entered thereon, the defendant stands convicted* of the offense unless the court thereafter *sets aside the finding of guilty* and permits the defendant to withdraw his plea of guilty or *nolo contendere*." (Emphasis added.)

*Holmes* keyed on the language "and entry of judgment thereon" in 22-3210 and held that the defendant's status as a convicted felon started from the date the district court made the finding of guilt. 222 Kan. at 214. Although the issue in *Holmes* was whether the status of convicted felon ran from the date of acceptance of the plea and finding of guilt or from the imposition of sentence, the clear language of the case holds that under 22-3210 both acceptance of the plea and a finding of guilt are required to convict a defendant. 222 Kan. at 214.

" 'Where a statute is clear and unambiguous, the court must give effect to the legislative intent therein expressed rather than make a determination of what the law should or should not be. Thus, no room is left for statutory construction.' " *In re Mary P.*, 237 Kan. 456, 459, 701 P.2d 681 (1985) (quoting *Capital Electric Line Builders, Inc. v. Lennen*, 232 Kan. 379, 383, 654 P.2d 464 [1982]). The language of K.S.A. 22-3210(b) is clear and unambiguous; entry of judgment, *i.e.*, of guilt, must be made to establish a conviction. Such a holding is in agreement with the Kansas statute setting forth a district court's authorized disposition upon a *finding of guilt*. See K.S.A. 1990 Supp. 21-4603(1), (2), and (3).

It is clear from the plea transcript and record of plea that, while the trial court accepted the plea, it never made the required finding of guilt in open court. Under K.S.A. 1990 Supp. 21-4603, sentencing is allowed *after a finding of guilt*. To have a conviction, it is imperative that the trial court make a determination of the defendant's guilt and utter the magic words finding him guilty. Without a conviction based on a finding of guilt, the trial court is without power to impose a sentence under 21-4603, and any attempt to do so is void.

The sentences imposed in this case are vacated, and the case is remanded to the district court for a determination of the defendant's guilt in accordance with this opinion and for resentencing.