(860 P.2d 47)

No. 68,549

STATE OF KANSAS, *Appellee*, v. LUIS L. JACOBSON, *Appellant*.

Petition for review denied 254 Kan. ___ (December 23, 1993).

Opinion filed September 24, 1993.

J. *Patrick Lawless, Jr.*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Mark Jordan*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, C.J., LEWIS and PIERRON, JJ.

PIERRON, J.: The defendant, Luis Jacobson, was charged in a four-count complaint/information with two counts of burglary, a class E felony under K.S.A. 1992 Supp. 21-3715(2); one count of felony theft, a class E felony under K.S.A. 21-3701(a); and one count of misdemeanor theft, a class A misdemeanor under K.S.A. 21-3701(a).

The defendant entered into a plea agreement with the State where, in exchange for his pleading guilty as charged, the State agreed to recommend a minimum sentence on each count, that all counts run concurrently with each other, and that probation be granted for the confinement portion of the sentence.

During the hearing, the court explained to the defendant all of the rights he was giving up by entering his plea of guilty. The court advised that it was not bound by the plea agreement. The court then had the defendant provide a factual basis for his plea of guilty and inquired of counsel if there was any legal reason why the defendant's plea should not be accepted.

The court then found that defendant had "[k]nowingly and understandably [sic] and intelligently waived his constitutional rights and entered this plea, and that there's a factual basis for

the plea, and the Court firmly believes that the defendant understands the nature of the charges and the consequences of his plea." The court then ordered a presentence investigation.

A sentencing hearing was held later at which time the court suspended imposition of sentence for a three-year period and assigned the defendant to the Sedgwick County Community Corrections Program. The defendant was required to abide by all rules, regulations, and requirements of the community corrections program. The court specifically noted at the sentencing hearing that it was a condition of the defendant's suspended sentence that he "comply with all of the community corrections demands made."

The defendant later filed a "motion to modify term and conditions of probation" in which he requested he be taken out of community corrections and placed on a home arrest electronic monitoring system. At the conclusion of the hearing on the motion, the court denied the defendant's motion.

Shortly thereafter, community corrections filed a warrant alleging the defendant had violated the terms and conditions of his supervision by not attending required Alcoholics Anonymous (AA) meetings. A hearing was held on these allegations, and the defendant admitted he missed one required AA meeting. The defendant proceeded to argue the violation was minor in nature, he had missed the meeting for good cause, and he should be allowed to remain in the community corrections program. A representative from community corrections advised the court the defendant had originally been placed in the nonresidential part of the program but was not able to successfully complete it. The representative further noted the defendant had been transferred to the residential facility but had remained in that facility and "wasn't really working [in] his program."

The court revoked the suspended sentence and imposed a sentence of 1-5 years on each of the burglary counts, 1-2 years on the felony theft count, and 6 months in the county jail on the misdemeanor theft count. The court ran the three felony counts consecutive to each other and ran the misdemeanor theft count concurrent with the felony counts for a controlling sentence of 3 to 12 years.

The court said:

"As it's well known, the Court doesn't request or require . . . Community Corrections to take anybody back that they say they don't want for violations . . . When they violate that intensive care officer, they're violating my orders, and I don't think that any agency working with defendant can let it be known through any violating defendant that you can get away with it."

The court also said:

"This is another case . . . that there's nobody that can be blamed other than the defendant for his actions anyhow. . . . I don't know of anything else to do with this defendant. Probation certainly is not the answer. . . I've considered all the factors in 4606. As I said, I can find nothing that anyone else can be blamed."

The State Reception and Diagnostic Center (SRDC) report noted the defendant tended to project blame onto others and showed minimal evidence of remorse and "limited acceptance of self-blame." The report stated: "The team recommends consideration be given to placement within Labette County Conservation Camp in lieu of incarceration; however, if this is not an appropriate option, as deemed by the court, incarceration is recommended."

The defendant filed a motion to modify sentence. The trial court denied the defendant's motion to modify.

The defendant timely appealed.

The defendant contends the district court abused its discretion when it revoked his suspended sentence, sentenced him, and refused to modify the sentence. We disagree.

The defendant failed in his community corrections placement. Although the trial court required him to hew close to the line, the requirements were reasonable. A fair reading of the record is that the defendant was not successfully completing his placement, although his rule violations were not major.

The SRDC report recommended that consideration be given to placement at the Labette County facility but further stated if that was not considered an appropriate option by the court, incarceration was recommended. This certainly is not the unequivocal recommendation required under *State v. Moon*, 15 Kan. App. 2d 4, 801 P.2d 59 (1990), *rev. denied* 248 Kan. 998 (1991).

The burden of showing abuse of discretion is on the defendant.

"One who asserts that the court has abused its discretion bears the burden of showing such abuse of discretion. Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable. Stated another way, discretion is abused only where no reasonable person would take the view adopted by the trial court. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. [Citation omitted.]" *State v. Heywood*, 245 Kan. 615, 621, 783 P.2d 890 (1989).

Based on the record, we find no abuse of discretion.

At the approximate time for submission of briefs in this matter, *State v. Richard*, 252 Kan. 872, 850 P.2d 844 (1993), and *State v. Morse*, 18 Kan. App. 2d 268, 855 P.2d 87 (1993), were announced. Because of the possible applicability of these two cases to the facts of the instant case, we asked for additional briefing to address them.

In *Morse*, the transcript and record of plea reflected that the trial court accepted the defendant's plea but never entered a finding of guilt. Although neither party raised the issue, the court raised it *sua sponte* pursuant to *State v. Puckett*, 230 Kan. 596, 599, 640 P.2d 1198 (1982). The issue was one of first impression in Kansas. The Court of Appeals held K.S.A. 22-3210(b) and K.S.A. 1990 Supp. 21-4603 require a finding of guilt in open court to complete the plea process and provide a basis for sentencing. 18 Kan. App. 2d at 269-70.

K.S.A. 22-3210, concerning pleas of guilty or nolo contendere, states: "(b) In felony cases the defendant must appear and plead personally and a verbatim record of all proceedings at the plea and entry of judgment thereon shall be made." K.S.A. 1990 Supp. 21-4603(1) and (2) state the authorized dispositions "[w]henever [a] person has been found guilty of a crime." Clearly, in the instant case, the court's actions constituted such a finding notwithstanding the court's failure to state on the record, "I find you guilty."

The defendant was denied no right. The requirements for acceptance of a guilty plea were present. See *Noble v. State*, 240 Kan. 162, Syl. ¶ 1, 727 P.2d 473 (1986). Although the court should have stated its finding of "guilty" on the record, under these facts we believe a full reading of the proceedings establishes a court finding of guilt.

As set out above, all appropriate procedures for accepting a plea were accomplished, and a presentence investigation report was ordered and completed. The journal entry reflected a finding of guilt, and counsel never objected to the court's omission of a finding of guilt when the plea was taken and never contended the court lacked jurisdiction due to that omission.

We note a presentence investigation report is not made until there is a finding of guilt. We also note that the court was assumed by all parties to be doing what was requested by all the parties— accepting a plea of guilty.

We are not faced here with a court that has announced a decision without making appropriate findings. All procedures necessary for the finding of guilt were accomplished.

We find persuasive the reasoning set out in *Ford v. State*, 570 N.E.2d 84, 87 (Ind. App. 1991):

"Finally, Ford urges the trial court erred by sentencing him without having formally accepted his guilty plea on the record, and by entering a formal judgment of conviction, as required by IC 35-38-1-1. We disagree.

"Ford not only does not deny his guilt here, he affirmed several times to the trial court prior to sentencing he was pleading guilty. Although judgment was not entered, Ford was sentenced. When a defendant pleads guilty, he makes a judicial admission of actual guilt. [Citation omitted.] The plea itself is a guilty verdict. [Citation omitted.] It has long been the law in this state that no reversible error occurs when a court conducts a hearing at which a guilty verdict is made, does not formally enter judgment on that verdict, but then sentences the defendant. [Citation omitted.] In such case, the sentence is the final judgment of conviction in a criminal proceeding. [Citation omitted.] A proper sentencing renders the judgment required by IC 35-38-1-1. [Citation omitted.] Ford does not contend his sentencing was improper. We find no error."

The California Court of Appeal, on a related question, has found that where the record supports a docket entry that the trial court found a guilty plea was knowingly, intelligently, and understandingly made "the failure of the judge to articulate orally such an express finding does not invalidate the conviction. This is a case where actions speak as loudly as words." *People v. Garcia*, 98 Cal. App. 3d Supp. 14, 18, 159 Cal. Rptr. 487 (1979).

Applicable on this issue is our Supreme Court's statement in *State v. Hall*, 246 Kan. 728, 765, 793 P.2d 737 (1990), that when an objection to procedural matters which challenges jurisdiction

is first made on appeal, we should look to "common sense" and determine whether the defective procedure prejudiced the defendant in the preparation of a defense or in any other way limited the defendant's substantial right to a fair trial.

We find that when the record, docket entry, and subsequent actions by the court and parties indicate that the defendant intended to plead guilty, the plea was properly taken, sentencing followed, and there was no objection to the process, the failure of the judge to orally articulate an express acceptance of the guilty plea will not invalidate the plea and conviction.

We have further reviewed the record and find the trial court properly addressed the concerns expressed in *State v. Richard*, 252 Kan. 872. Under these facts the sentence was, although perhaps strict, within reasonable bounds.

Affirmed.

BRISCOE, C.J., concurring: I concur. The trial court's failure to enter a finding of "guilty" on the record when taking a plea in a criminal case is a procedural error which can be waived by the defendant. The defendant in this case waived any procedural error the court may have committed by his failure to raise this issue in any subsequent proceeding, including this appeal. See *State v. Ji*, 251 Kan. 3, 17, 832 P.2d 1176 (1992).

The court's failure to find the defendant "guilty" on the record when the plea was taken did not deprive the court of jurisdiction to subsequently sentence the defendant. The court's finding of guilt is contained in the court's journal entry, and this finding was sufficient to satisfy K.S.A. 1992 Supp. 21-4603 and provide the court with jurisdiction to impose sentence.

When the Supreme Court in *State v. Moses*, 227 Kan. 400, Syl. ¶¶ 1-3, 607 P.2d 477 (1980), spoke of when the judgment and sentence become "effective," the issue at hand was not whether an oral pronouncement of guilt was jurisdictionally required, but rather when the judgment and sentence were "effective" for purposes of computing the appellate time period when oral findings were made.

In *State v. Royse*, 252 Kan. 394, 397, 845 P.2d 44 (1993), the court cited *Moses* in addressing the issue of whether the district court had the authority, after orally pronouncing sentence, to

subsequently file a written journal entry which increased the sentence. In *Royse*, the Supreme Court held the district court's sentence was effective when pronounced and could not later be increased. Neither *Moses* nor *Royse* addresses the effect of the district court's *failure* to enter a finding of "guilty" on the record; both speak only to the effect to be given judgments and sentences when orally pronounced.