(872 P.2d 314)

No. 70,258

STATE OF KANSAS, *Appellee*, v. JAMES A. VICKERS, *Appellant*.

Opinion filed April 15, 1994.

*Julie A. Gorenc*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Ann L. Smith*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, C.J., BRAZIL and LARSON, JJ.

BRISCOE, C.J.: James A. Vickers appeals from the sentences imposed following his pleas of guilty in case 92CR1931 to felony theft (K.S.A. 21-3701) and in case 92CR1941 to aggravated burglary (K.S.A. 1992 Supp. 21-3716), aggravated battery (K.S.A. 21-3414), and attempted rape (K.S.A. 21-3502; K.S.A. 1992 Supp. 21-3301). A sentencing hearing on all convictions was held on the same day. Vickers contends on appeal his sentencing was complete and effective upon pronouncement from the bench, leaving the district court without authority to later order that any of the sentences were to be served consecutively.

Vickers was sentenced to terms of imprisonment of 1 to 5 years for the theft conviction and 5 to 20 years for each of the other convictions. Regarding the issue of whether these sentences

would run concurrently or consecutively, the court addressed Vickers at sentencing and stated:

"Mr. Vickers, I assume that you were informed that recommendations to the Court are just recommendations. They are not binding on the Court. You have a history here of prior felony convictions, um, and I'm not sure it's appropriate to run all of these sentences concurrently. However, I'll go through this file again. I've only had a brief time to review the presentence report. I have had an opportunity to do that, but these are serious and violent offenses. Um, Mr. Vickers, your statement is that you've stumbled here. It appears to me this is a little more than a stumble, certainly, to the victim. You have several victims here. The theft is a nonviolent crime, but it is a relatively large amount of money that you stole from an employer. I think the citizens of this community have a right to be protected against violent criminals. This certainly is a violent act. I'll address that in writing within a relatively short period of time. I hope you'll be furnished copies of that."

The subsequent journal entry filed by the court directed that the aggravated burglary and attempted rape sentences run concurrent with each other and consecutive to the aggravated battery sentence; and that the felony theft sentence run concurrent with the aggravated battery sentence.

Vickers argues that, because the court announced the length of each individual sentence in open court, the sentences became effective when pronounced in open court and, absent any reference to their being consecutive, the sentences are to run concurrently. Vickers relies on K.S.A. 1992 Supp. 21-4608(1), which provides in part: "Whenever the record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently." Vickers also relies on *State v. Royse*, 252 Kan. 394, 395, 845 P.2d 44 (1993), wherein the court imposed multiple sentences, but failed to address whether they were to run concurrently or consecutively. After realizing its omission, the court ordered the defendant to appear and ordered the sentences to run consecutively. The Supreme Court held defendant's sentences were complete when orally pronounced and could not later be increased. Therefore, pursuant to K.S.A. 1991 Supp. 21-4608(1), the sentences were to run concurrently. 252 Kan. at 397-98.

Here, unlike in *Royse*, the court had not fully pronounced sentence. Although the court pronounced the length of sentence

imposed for each conviction, the court stated on the record it had yet to determine whether the sentences would run concurrently or consecutively. The trial court in effect continued the sentencing hearing pending resolution of the concurrent/consecutive issue. The only error committed by the sentencing court was its failure to return Vickers to open court for completion of his sentencing. As stated in *State v. Moses*, 227 Kan. 400, 401-02, 607 P.2d 477 (1980):

"In felony cases, the defendant must be present in person at the time of sentencing. K.S.A. 22-3405(1). A record of the judgment rendered or the sentence imposed must be made upon the journal of the court, and the judge must personally examine and sign the journal entry. K.S.A. 22-3426. The journalized entry is thus a *record* of the sentence imposed; but the actual *sentencing* occurs when the defendant appears in open court and the judge orally states the terms of the sentence."

Because Vickers was being sentenced for felonies, Vickers should have been sentenced in open court. Therefore, the court's completion of Vickers' felony sentencing though the filing of a journal entry was without effect.

The sentences imposed are vacated as void, and the cases are remanded to the district court for resentencing.