No. 69,878

STATE OF KANSAS, *Appellee,* v. JIM L. HEFFELMAN, *Appellant.*
(886 P.2d 823)

Review of the judgment of the Court of Appeals in an unpublished decision filed April 8, 1994. Opinion filed December 9, 1994.

*Stephen C. Moss,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was on the brief for appellant.

*Debra S. Peterson,* assistant district attorney, argued the cause, and *Mark Jordan,* assistant district attorney, *Robert T. Stephan,* attorney general, and *Nola Foulston,* district attorney, were on the brief for appellee.

The opinion of the court was delivered by

HOLMES, C.J.: Jim L. Heffelman appeals from the sentence imposed following his pleas of guilty to numerous counts of burglary, theft, and forgery. Defendant asserts an error in the plea procedure based upon the failure of the trial judge to specifically state that he entered judgment finding the defendant guilty. The Court of Appeals affirmed the district court in an unpublished opinion filed April 8, 1994. We granted the defendant's petition for review to resolve a conflict between two opinions of the Court of Appeals: *State v. Jacobson,* 18 Kan. App. 2d 788, 860 P.2d 47 (1993), *rev. denied* December 23, 1993, and *State v. Morse,* 18 Kan. App. 2d 268, 855 P.2d 87 (1993).

The facts are not in dispute. On May 26, 1992, the defendant was arraigned on 12 counts of forgery, contrary to K.S.A. 21-3710(1)(a); 6 counts of burglary, contrary to K.S.A. 1991 Supp. 21-3715(1); and one count of felony theft and 5 counts of misdemeanor theft, all contrary to K.S.A. 21-3701(a). On August 17, 1992, pursuant to the terms of a plea bargain, the defendant pled guilty to 5 counts of burglary, 10 counts of forgery, and 5 counts of misdemeanor theft. Prior to accepting defendant's pleas, the trial court satisfied the due process requirements set forth in K.S.A. 22-3210. Specifically, the trial court advised the defendant of the rights he was forfeiting by pleading guilty and informed the defendant of the consequences of his pleas, including the maximum penalty provided by law which the court could impose. The trial court further determined the defendant's pleas were freely and voluntarily given and that a factual basis existed for his pleas. Nevertheless, while the trial court accepted defendant's guilty pleas, the court failed to explicitly enter a judgment on defendant's guilt.

During sentencing, the trial court suspended defendant's sentence for three years and placed him in community corrections. Within six months, the defendant violated the terms and conditions of his suspended sentence, and the trial court imposed sentence with a controlling term of 5 to 25 years. On March 1, 1993, defendant filed a motion to modify sentence. The trial court denied defendant's motion to modify sentence on April 30, 1993. The defendant timely appealed the trial court's decision.

The sole issue on appeal is whether the trial court erred in sentencing the defendant without entering a formal judgment of guilt in open court at the time of the acceptance of the defendant's pleas. A resolution of this issue involves the interpretation of relevant statutory language in K.S.A. 22-3210(b). Interpretation of a statute is a question of law, and when determining a question of law, this court is not bound by the decision of the district court. *Memorial Hospital Ass'n, Inc. v. Knutson,* 239 Kan. 663, 668, 722 P.2d 1093 (1986). Statutory construction is subject to unlimited appellate review. *Steele v. City of Wichita,* 250 Kan. 524, 527, 826 P.2d 1380 (1992).

*State v. Royse,* 252 Kan. 394, 396, 845 P.2d 44 (1993), sets forth various cardinal rules of statutory construction pertinent to the issue under review:

"The fundamental rule of statutory construction is that the purpose and intent of the legislature governs. *State v. Cole,* 238 Kan. 370, 371, 710 P.2d 25 (1985). When a penal statute is questioned, the court is required to strictly construe the act in favor of the accused. *State v. Cole,* 238 Kan. at 372. However, this rule of strict construction concerning penal statutes is subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate legislative design and intent. *State v. Fowler,* 238 Kan. 213, 215, 708 P.2d 539 (1985). Words in common usage are to be given their natural and ordinary meaning. *State v. Magness,* 240 Kan. 719, 732 P.2d 747 (1987); *Szoboszlay v. Glessner,* 233 Kan. 475, 478, 664 P.2d 1327 (1983)."

We now turn to the statutes before us. K.S.A. 1991 Supp. 21-3110(4), a definitional statute, provides that " '[c]onviction' includes a *judgment of guilt entered* upon a plea of guilty." (Emphasis added.) K.S.A. 22-3210(b) provides: "In felony cases the defendant must appear and plead personally and a verbatim record of all proceedings at the plea and *entry of judgment thereon shall be made."* (Emphasis added.)

Defendant argues that the plain and express language of both K.S.A. 22-3210(b) and K.S.A. 1991 Supp. 21-3110(4) requires the trial court to enter a judgment of guilt in open court. He also maintains the subsequently filed journal entry adjudging the defendant guilty does not cure the trial court's failure to make a proper entry of judgment in open court. Specifically, the defendant asks this court to adopt the holding in *State v. Morse,* 18

Kan. App. 2d 268, and disapprove the more recent and opposite holding on this question in *State v. Jacobson*, 18 Kan. App. 2d 788.

The State maintains, however, that the relevant statutory language at issue does not require the trial court to utter any specific "magic words" to indicate that a judgment of guilt has been entered by the trial court. The State's argument, which is consistent with the reasoning set forth in *Jacobson*, is that when the court's action examined as a whole indicates that (1) the defendant knowingly and voluntarily entered pleas of guilty; (2) the appropriate procedures were properly followed in accepting the guilty pleas; and (3) there was no objection to the procedure followed, the requirements of K.S.A. 22-3210(b) have been met even though the court does not specifically state it finds the defendant guilty or that it is entering a judgment of guilty.

The Court of Appeals summarily dispatched the defendant's arguments, stating:

"Defendant argues his sentence should be vacated and remanded for resentencing because the trial court failed to make a finding of defendant's guilt.

"In *State v. Morse*, 18 Kan. App. 2d 268, 855 P.2d 87 (1993), we concluded that in order for a defendant to be convicted, a trial court must not only accept defendant's guilty plea, but also must enter a finding of defendant's guilt in open court.

"However, in *State v. Jacobson*, 18 Kan. App. 2d 788, 793, 860 P.2d 47 (1993), *rev. denied* December 23, 1993, the issue was revisited by this court, and we concluded if the record, docket entry, and later actions by the court and parties indicate defendant intended to plead guilty, and that if the plea was properly taken and defendant was sentenced with no objection to the process, failure of the court to orally articulate an express acceptance of defendant's guilty plea will not invalidate the plea and conviction. 18 Kan. App. 2d at 793. We find the *Jacobson* decision to be more persuasive than the *Morse* decision."

The *Jacobson* and *Morse* decisions present a split of authority between two panels of the Court of Appeals on the issue of whether a trial court, when accepting a plea of guilty, must enter a judgment of guilt in open court. Accordingly, this court has been called upon to make a determination as to which Court of Appeals decision is controlling on this issue. See *In re Marriage of Cray*, 254 Kan. 376, Syl. ¶ 1, 867 P.2d 291 (1994).

In *Morse,* the court reviewed the relevant language of *"entry of judgment,"* found in K.S.A. 22-3210(b), to determine whether the trial court's failure to enter a judgment of guilt in open court constituted error, requiring defendant's sentence to be vacated and the case remanded for resentencing. Under the facts, the defendant entered into a plea agreement with the State, pled guilty to the charges remaining, and was sentenced accordingly. However, while the trial court accepted the defendant's plea, the court failed to enter an express judgment of guilt in open court.

The *Morse* court raised the issue *sua sponte* and determined that the language of K.S.A. 22-3210(b) was clear and unambiguous in its requirement that an express entry of judgment must be made in open court prior to sentencing. In pertinent part, the court stated: "To have a conviction, it is imperative that the trial court make a determination of the defendant's guilt *and utter the magic words finding him guilty."* (Emphasis added.) 18 Kan. App. 2d at 270. In reaching this conclusion, the court applied a strict and literal interpretation to the particular language under review, concluding that in the absence of "magic words" being uttered by the trial court, the court was without authority to impose a sentence.

In *Morse,* the court relied on *State v. Royse,* 252 Kan. 394, and *State v. Holmes,* 222 Kan. 212, 563 P.2d 480 (1977), as support for its holding. The question presented in *Royse* was whether the trial court's judgment and sentence in a criminal case derived their effectiveness from their pronouncement in open court or from the subsequently filed journal entry. The trial court sentenced the defendant to maximum sentences of 15 years to life following conviction of two counts of second-degree murder. However, the court failed to state whether the sentences were to run concurrently or consecutively. At a later date, the defendant was taken back before the court, and the judge attempted to enhance the sentences to provide they would run consecutive. On appeal, we held that the judgment and sentence were effective when announced. The *Morse* court relied on the holding in *Royse* to conclude that an express finding of guilt and entry of judgment must be made in open court to be effective.

In *Holmes*, the defendant was adjudged guilty upon a plea of nolo contendere. Sentencing was deferred pending receipt of a presentence investigation report, and in the interim the defendant committed another offense. The question before the court was whether the finding of guilt or the imposition of sentence constituted a conviction. The court held that it was the finding of guilt and entry of judgment pursuant to K.S.A. 22-3210 that constituted a conviction and not the sentencing. Both *Royse* and *Holmes* considered the time that an oral pronouncement of guilt and judgment take effect, and not the effect of the trial court's failure to expressly make a finding of guilt and entry of judgment as a part of the plea hearing. While *Royse* and *Holmes* are somewhat analogous to the issue that was before the court in *Morse*, we find that the Court of Appeals' reliance on them was misplaced.

In *Jacobson*, a separate Court of Appeals panel later reviewed the same issue and refused to follow the holding in *Morse*, concluding that a trial court's failure to express a judgment of guilt in open court would not invalidate the guilty plea and conviction as long as all the requirements for acceptance of a guilty plea were met pursuant to K.S.A. 22-3210. In *Jacobson*, the defendant entered into a plea agreement, and a hearing was held at which the defendant entered a plea of guilty in accordance with the agreement. In describing the hearing, the Court of Appeals stated:

"The defendant entered into a plea agreement with the State where, in exchange for his pleading guilty as charged, the State agreed to recommend a minimum sentence on each count, that all counts run concurrently with each other, and that probation be granted for the confinement portion of the sentence.

"During the hearing, the court explained to the defendant all of the rights he was giving up by entering his plea of guilty. The court advised that it was not bound by the plea agreement. The court then had the defendant provide a factual basis for his plea of guilty and inquired of counsel if there was any legal reason why the defendant's plea should not be accepted.

"The court then found that defendant had '[k]nowingly and understandably *[sic]* and intelligently waived his constitutional rights and entered this plea, and that there's a factual basis for the plea, and the Court firmly believes that the defendant understands the nature of the charges and the consequences of his

plea.' The court then ordered a presentence investigation." 18 Kan. App. 2d 788, 789.

The court then went on to state:

"[A]ll appropriate procedures for accepting a plea were accomplished, and a presentence investigation report was ordered and completed. The journal entry reflected a finding of guilt, and counsel never objected to the court's omission of a finding of guilt when the plea was taken and never contended the court lacked jurisdiction due to that omission.

"We note a presentence investigation report is not made until there is a finding of guilt. We also note that the court was assumed by all parties to be doing what was requested by all the parties—accepting a plea of guilty.

"We are not faced here with a court that has announced a decision without making appropriate findings. All procedures necessary for the finding of guilt were accomplished." 18 Kan. App. 2d at 792.

The court then concluded:

"K.S.A. 22-3210, concerning pleas of guilty or nolo contendere, states: '(b) In felony cases the defendant must appear and plead personally and a verbatim record of all proceedings at the plea and entry of judgment thereon shall be made.' K.S.A. 1990 Supp. 21-4603(1) and (2) state the authorized dispositions '[w]henever [a] person has been found guilty of a crime.' Clearly, in the instant case, the court's actions constituted such a finding notwithstanding the court's failure to state on the record, 'I find you guilty.'

"The defendant was denied no right. The requirements for acceptance of a guilty plea were present. See *Noble v. State*, 240 Kan. 162, Syl. ¶ 1, 727 P.2d 473 (1986). Although the court should have stated its finding of 'guilty' on the record, under these facts we believe a full reading of the proceedings establishes a court finding of guilt.

. . . .

"We find that when the record, docket entry, and subsequent actions by the court and parties indicate that the defendant intended to plead guilty, the plea was properly taken, sentencing followed, and there was no objection to the process, the failure of the judge to orally articulate an express acceptance of the guilty plea will not invalidate the plea and conviction." 18 Kan. App. 2d at 791-93.

In *Noble v. State,* 240 Kan. 162, 727 P.2d 473 (1986), this court reviewed various allegations by Noble that the trial court had failed to comply with the statutory requirements for the acceptance of his guilty plea. The acceptance of guilty pleas is governed by K.S.A. 22-3210, which states in pertinent part:

"(a) Before or during trial a plea of guilty or *nolo contendere* may be accepted when:

"(1) The defendant or counsel for the defendant enters such plea in open court; and

"(2) in felony cases the court has informed the defendant of the consequences of the plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and

"(3) in felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea; and

"(4) the court is satisfied that there is a factual basis for the plea.

"(b) In felony cases the defendant must appear and plead personally and a verbatim record of all proceedings at the plea and entry of judgment thereon shall be made."

The requirements set out in K.S.A. 22-3210 embody the due process requirements for a trial court's acceptance of a plea of guilty, as mandated by the United States Supreme Court in *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). In *Noble,* the defendant argued his guilty pleas were given involuntarily, maintaining that the trial court failed to establish a factual basis for his pleas and failed to advise him that the court was not bound by any plea agreements reached between him and the State. 240 Kan. at 169-70.

Regarding the initial allegation in *Noble,* this court determined that the trial court had failed to make a record of its finding of a factual basis for defendant's pleas. The court noted, however, that the record did indicate that the defendant was provided a copy of the information and had reviewed it in detail with his attorney. The record further demonstrated that the defendant had indicated that his attorney had explained to him each of the elements of the charged offenses and that the defendant admitted to committing each element of the respective charges. Finally, this court determined that the trial court had failed to inform the defendant that it was not bound by any plea agreements the defendant may have reached with the State. However, the record also demonstrated that defendant's pleas were made knowingly and voluntarily, and not under any threats, promises of leniency, or coercion of any type. Under these facts, the court concluded that the due process requirements set forth in K.S.A. 22-3210 had been satisfied. 240 Kan. at 169-72. In pertinent part, the court

held, "*[a] failure to comply strictly with the explicit requirements of that statute may be reversible error, unless upon review of the entire record it can be determined the pleas were knowingly and voluntarily made and otherwise accepted by the trial judge in compliance with the statute.*" (Emphasis added.) 240 Kan. 162, Syl. ¶ 1.

*Trotter v. State,* 218 Kan. 266, 543 P.2d 1023 (1975), applied the same rule. In *Trotter,* the defendant argued that his guilty pleas were involuntary because the trial court failed to "personally question him regarding the voluntariness of the pleas." 218 Kan. at 268. However, while the record supported the defendant's allegation generally, the court concluded that defendant's pleas were valid. Specifically, the record established that the trial court had advised the defendant of the rights he was waiving by his guilty pleas and that his attorney had advised him of the maximum penalty provided by law for each charge. The record also demonstrated that the trial court had established a factual basis for each charge. The court concluded that while the trial court had failed to comply strictly with the requirements of K.S.A. 22-3210 ("transcript shows the court did not inquire specifically of the appellant as to whether he was making the pleas voluntarily", 218 Kan. at 269), it was clear from the record that the due process requirements mandated by *Boykin* had been satisfied. The court stated:

"While we do not approve of any failure to comply strictly with the explicitly stated requirements of K.S.A. 22-3210, it does not follow that every deviation therefrom requires reversal. *If upon review of the entire record it can be determined that the pleas of guilty were knowingly and voluntarily made, the error resulting from failure to comply strictly with K.S.A. 22-3210 is harmless.*" (Emphasis added.) 218 Kan. at 269.

See *State v. Morris,* 254 Kan. 993, Syl. ¶ 3, 869 P.2d 739 (1994).

In addition to relying on the rule applied in *Noble,* the court in *Jacobson* was influenced by the reasoning set forth in *Ford v. State,* 570 N.E.2d 84 (Ind. App. 1991). In *Ford,* the Indiana Appeals Court addressed a similar question of whether the trial court's failure to accept the defendant's guilty plea and enter a judgment of guilt as required by statute denied the defendant his

due process rights. After reviewing the record, the court concluded that defendant's rights had not been violated. It held:

"Although judgment was not entered, Ford was sentenced. When a defendant pleads guilty, he makes a judicial admission of actual guilt. [Citation omitted.] The plea itself is a guilty verdict. [Citation omitted.] It has long been the law in this state that no reversible error occurs when a court conducts a hearing at which a guilty verdict is made, does not formally enter judgment on that verdict, but then sentences the defendant. [Citation omitted.] *In such case, the sentence is the final judgment of conviction in a criminal proceeding.* [Citation omitted.] *A proper sentencing renders the judgment required by 1C 35-38-1-1.* [Citation omitted.] Ford does not contend his sentencing was improper. We find no error." (Emphasis added.) 570 N.E.2d at 87.

In the instant case the trial court went to great lengths to advise the defendant of all of his due process rights and fully complied with those rights as enunciated in *Boykin v. Alabama* and our case of. *Noble v. State.* In doing so the trial court stated in part:

"By pleading guilty, there won't be any trial in this case. You'll be admitting that the charges are true. *You'll be basically giving up all of your defenses in this case and you will be found guilty by me just as if we had a jury trial and the jury came back and found you guilty.* . . .

. . . .

"I'll find that the defendant understands the charges against him; that he understands his rights in this case and the consequences of pleading guilty; that he has knowingly, intelligently and freely and voluntarily waived his rights. . . .

. . . .

"*The Court* finds a factual basis exists and *accepts the plea.* Counts 5 through 8 are dismissed. *The Court accepts the guilty plea* on all the remaining counts." (Emphasis added.)

Clearly the defendant was fully advised of his rights; he negotiated a plea bargain and accepted the benefits of that bargain. At no time did he object to any of the proceedings in the trial court or contend that the proceedings were insufficient. He has shown no prejudice by the trial judge's failure to assert the "magic words" called for in *Morse.* It is difficult to comprehend the argument that a court accepted a plea of guilty and at the same time failed to find the defendant guilty. It is inherent in the acceptance of a guilty plea that the court is also entering a finding of guilt. If the court did not intend a judgment of guilt, the proper procedure is to refuse to accept the plea. It seems obvious that

a court cannot accept a guilty plea without at the same time entering a finding of guilty, whether specifically stated or not.

In *Jacobson,* Chief Judge Briscoe in a concurring opinion pointed out additional grounds for affirming the trial court, stating:

"I concur. The trial court's failure to enter a finding of 'guilty' on the record when taking a plea in a criminal case is a procedural error which can be waived by the defendant. The defendant in this case waived any procedural error the court may have committed by his failure to raise this issue in any subsequent proceeding, including this appeal. See *State v. Ji,* 251 Kan. 3, 17, 832 P.2d 1176 (1992).

"The court's failure to find the defendant 'guilty' on the record when the plea was taken did not deprive the court of jurisdiction to subsequently sentence the defendant. The court's finding of guilt is contained in the court's journal entry, and this finding was sufficient to satisfy K.S.A. 1992 Supp. 21-4603 and provide the court with jurisdiction to impose sentence." 18 Kan. App. 2d at 793, Briscoe, C.J., concurring.

While the *Jacobson* court did not explicitly disapprove the rule adopted in *Morse,* it nevertheless refused to follow that rule, choosing instead to apply a more "common sense" approach to the issue. *Jacobson* held:

"When the record, docket entry, and subsequent actions by the court and parties indicate that the defendant intended to plead guilty, the plea was properly taken, sentencing followed, and there was no objection to the process, the failure of the judge to orally articulate an express acceptance of the guilty plea will not invalidate the plea and conviction." 18 Kan. App. 2d 788, Syl. ¶ 1.

We agree with the Court of Appeals in the instant case and find the rule adopted in *Jacobson* to be the more judicious of the two conflicting rules. Additionally, we recognize that *Jacobson* is consistent with our previous opinions regarding proper compliance with K.S.A. 22-3210. Accordingly, we overrule *State v. Morse,* 18 Kan. App. 2d 268, 855 P.2d 87 (1993), and approve the holding in *State v. Jacobson,* 18 Kan. App. 2d 788, 860 P.2d 47 (1993), *rev. denied* December 23, 1993. As we stated in *Trotter,* this court does not approve of a trial court's failure to comply strictly with the due process requirements set forth in K.S.A. 22-3210. However, if a careful review of the record indicates that those requirements have been satisfied, and in particular that the

defendant's guilty pleas were knowingly and voluntarily made, any error resulting from failure of strict compliance with the statute must be deemed harmless error.

Under the facts of this case, we are satisfied that the requirements of K.S.A. 22-3210, and in particular section (b) thereof, have been met. A careful review of the record demonstrates that the trial court informed the defendant of the consequences of his guilty pleas, including the maximum penalty provided by law, and that the court was not bound by any plea agreement the defendant may have reached with the State. The record also demonstrates that the defendant had entered into a plea agreement with the State and entered his pleas of guilty in open court. The court then established a factual basis for each plea, accepted defendant's pleas of guilty, and made a determination that defendant's pleas were entered into knowingly and voluntarily. Although the court failed to state the magic words "I find you guilty," it is clear from the record, docket entry, and subsequent sentencing by the court that all parties, including the defendant and his counsel, not only intended to enter pleas of guilty but in fact knew and accepted that a finding and judgment of guilty was inherent in the proceedings.

The judgment of the district court and the decision of the Court of Appeals are affirmed.