No. 80,259

STATE OF KANSAS, *Appellant,* v. LARRY E. COCKERHAM, *Appellee.*

(975 P.2d 1204)

Opinion filed March 5, 1999.

*W. Scott Toth*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the briefs for appellant.

*Brent Getty*, assistant appellate defender, argued the cause, and *Lisa Nathanson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, were on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: The State appeals the district court's order denying its motion to correct an illegal sentence. This court's jurisdiction is invoked pursuant to K.S.A. 22-3602(b)(3) for an appeal by the prosecution upon a question reserved. The narrow question reserved is whether the trial court's grant of credit to the defendant for prison time served in Kentucky against his earlier Kansas sentence was a modification of his sentence without jurisdiction and, therefore, an illegal sentence.

The facts in this case are undisputed. The defendant, Larry E. Cockerham, was convicted in Kansas of aggravated assault and aggravated kidnapping on March 2, 1988. He was sentenced to a controlling term of 10 to 20 years. The defendant appealed his conviction and sentence and was released on a $20,000 appeal bond.

While on bond, the defendant committed a felony offense of sodomy in the state of Kentucky. He was charged and convicted on his plea of guilty and sentenced to 10 years' incarceration in

Kentucky. The sentencing judge in Kentucky ordered the defendant's Kentucky sentence to run concurrent with his previous Kansas sentence. On April 13, 1990, this court affirmed the defendant's Kansas convictions. *State v. Cockerham*, No. 62,382, unpublished opinion filed April 13, 1990.

While serving his Kentucky sentence, on July 12, 1990, the defendant filed a motion before the Kansas district court, asking that Kansas relinquish jurisdiction to the State of Kentucky. The district court denied the motion. On July 16, 1990, the Kansas court ordered that a bench warrant be issued for the defendant to bring him before the court "for hearing for imposition of previously imposed sentence." Bond was set at $75,000. The warrant was issued but remained unserved during the defendant's incarceration in Kentucky.

The defendant then filed a pleading in Kansas captioned a "Writ of Mandamus," asking that he be given credit on his Kansas sentence for the time served in Kentucky. The district court treated the defendant's writ as a motion to modify his sentence and denied his motion on the basis of lack of jurisdiction, ruling that Kansas law, specifically K.S.A. 21-4603, permits modification only within 120 days after the receipt of the court's mandate in a case which is appealed.

After completing his Kentucky sentence, on March 30, 1995, the defendant appeared in Kansas with counsel before the district court and was ordered to serve the sentence previously imposed in Kansas. This district court order contained the following language: "The defendant is allowed credit for time served since the 8th day of August, 1991, which is 1,329 days."
The State did not object or attempt to appeal from the March 30, 1995 order.

On August 2, 1996, on motion of the defendant, the same district court entered a *nunc pro tunc* order correcting its March 30, 1995, order which incorrectly gave the defendant only 1,329 days of credit instead of "full credit for time served since April 18, 1989, which amounts to 2,169 days." Again, the State did not object.

On June 4, 1997, the State filed a motion to correct the illegal sentence with the district court. The State argued that the granting

of credit on the defendant's Kansas sentence for the time spent incarcerated in the state of Kentucky was a modification of the defendant's sentence. Under K.S.A. 21-4603(d)(1) and (2), a district court has jurisdiction to modify a defendant's sentence within 120 days after a sentence is imposed or within 120 days after the receipt of the court's mandate in a case which is appealed. The State argued that the time for modification of sentence had expired and the modified sentence was imposed without jurisdiction and, therefore, illegal.

On November 7, 1997, after a hearing, the district court denied the State's motion, finding

"that the Court's prior ruling granting jail credit to the defendant on his Kansas conviction while defendant was incarcerated in the State of Kentucky on a subsequent conviction is not an illegal sentence. [And] that the granting of said jail credit is not a modification of defendant's sentence."

In this same order, the district court noted "that the State has reserved the issue for appeal purposes."

### Discussion and Analysis

Before consideration of whether this court should exercise jurisdiction pursuant to K.S.A. 22-3602(b)(3) on the narrow question reserved by the State, we note that the State has attempted to expand the question to include the propriety of the district court's granting credit to the defendant. The State argues that the defendant is entitled only to be credited for time served in Kansas against his Kansas sentence, citing K.S.A. 21-4614; that the defendant's time in Kentucky on a new and distinct charge cannot be credited toward his earlier Kansas sentence; and to do so has an adverse impact on the penal interests of Kansas. These issues were not reserved by the State, and we have no jurisdiction to consider them. See *State v. Mountjoy*, 257 Kan. 163, 166, 891 P.2d 376 (1995) (holding that to appeal on a question reserved it is necessary for the State to make proper objections to exceptions at the time action objected to is taken). No statutory authority exists for the State to later expand on the question reserved. *State v. Taylor*, 262 Kan. 471, Syl. ¶ 3, 939 P.2d 904 (1997).

The question specifically reserved by the State is whether the granting of credit against a prior Kansas sentence for time served in the state of Kentucky on a later Kentucky sentence, is a modification of the Kansas sentence. This court has generally accepted such appeals where they involve questions of statewide interest important to the correct and uniform administration of the criminal law. *State v. Taylor*, 262 Kan. at 474-75; *City of Overland Park v. Cunningham*, 253 Kan. 765, 766, 861 P.2d 1316 (1993).

While the question reserved arises within a factual context that is unusual and unlikely to recur, the question of whether the grant of credit for time served constitutes a modification of sentence is one that may be confronted often in the trial courts of this state and a matter important to the administration of the criminal law in this state. Thus, we conclude that it is a proper question for an appeal by the State on a question reserved.

The argument advanced by the State assumes throughout that in granting "the defendant credit against his Kansas sentence for time served in Kentucky, the court illegally modified the defendant's sentence." The only direct authority submitted on this point by the State is the case of *State v. Van Winkle*, 256 Kan. 890, 895, 889 P.2d 749 (1995), wherein we noted that "[a] sentence is the judgment of the court which formally declares to the accused the legal consequences of his or her conviction or of the guilt to which he or she has confessed." The State argues that "when the court went back and changed the credit that defendant was to receive then clearly the court modified the legal consequences of defendant's actions" and, therefore, modified the defendant's sentence without jurisdiction. The argument begs the question in that it assumes that granting credit is a modification of the defendant's sentence.

The defendant argues that the court did not modify his sentence. He contends that his indeterminant sentence of 10 to 20 years was never changed and that the trial court did not change the duration of the minimum and maximum term originally imposed. The defendant argues that rather than actually modifying his sentence, the district court, when awarding credit for time served, simply clarified how the sentence is to be served.

Both parties point to the only statutory authority addressing the granting of good time credit for time served in Kansas against a Kansas sentence. The following provisions of K.S.A. 21-4614 require a district court under circumstances set forth to make allowance for time incarcerated:

"In any criminal action in which the defendant is convicted upon a plea of guilty or trial by court or jury or upon completion of an appeal, the judge, if he or she sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and his or her parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment or the judgment form, whichever is delivered with the defendant to the correctional institution, such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case."

While this statute does not apply to facts in this case, we note that the language used supports a conclusion that an "allowance for time" spent incarcerated is not a modification of a sentence. The above language provides that the "sentence [imposed by the court] is to be computed from a date . . . established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." The original sentence imposed by the court remains the same.

The State argues that K.S.A. 21-4614 effectively limits the court in this case to giving credit in Kansas for only time that the defendant "spent incarcerated pending the disposition of the defendant's case." This contention raises other issues concerning the authority of a Kansas district court to grant credit on the basis of comity and its recognition of the Kentucky sentence. These questions were not reserved, and we have no jurisdiction to consider them.

On the question reserved, we hold that the district court's grant of credit to a defendant on his earlier Kansas sentence for time served in the state of Kentucky on a subsequent Kentucky conviction is not a modification of a defendant's Kansas sentence.

Appeal denied in part and dismissed in part.