(105 P.3d 738)
No. 91,628

STATE OF KANSAS, *Appellee*, v. JASON WAYNE SMITH, *Appellant*.

 Opinion filed February 11, 2005.

*Cory D. Riddle*, assistant appellate defender, for the appellant.

*Amy L. Aranda*, assistant county attorney, *Marc Goodman*, county attorney, and *Phill Kline*, attorney general, for the appellee.

Before GREEN, P.J., PIERRON and MCANANY, JJ.

PIERRON, J.: Jason Wayne Smith appeals the trial court's modification of his jail time credit.

Smith was charged with criminal possession of a firearm for an event occurring on July 16, 2003. The State later amended the complaint to attempted criminal possession of a firearm. On October 31, 2003, Smith pled no contest to the amended charge.

At sentencing, the trial court inquired if the parties had received a copy of the presentence investigation (PSI) report, and if any additions or corrections needed to be made. The State responded it was not aware of any additions or corrections to the PSI report and did not contest the criminal history score.

The PSI report contained a narrative summary regarding jail time credit in two cases: Smith's current case, No. 03CR390, and a prior case, No. 02CR486. According to the summary, Smith had earned 92 days of jail time credit from September 12, 2003, to December 12, 2003, in case No. 03CR390. As for case No. 02CR486, the trial court had served Smith with a probation revocation warrant on September 19, 2003, and Smith remained in custody until November 21, 2003. On November 21, 2003, the court revoked Smith's probation, and he was remanded to the Department of Corrections.

The trial court sentenced Smith to 11 months' imprisonment and postrelease supervision for 12 months, which was ordered to run consecutive to sentences in three other cases. The judge then stated, "Some other things that I want to put on the record here as to your sentence is that you will be given 92 days of credit on the time served in this case." Following the award of 92 days jail time credit, the State brought to the court's attention that Smith would be receiving a double credit if awarded a 92-day credit because the court had served Smith with a "probation warrant in 02CR486 on September 19 and he received credit from September 19 to November 21 in that case."

It was not the trial court's intention to give Smith a double credit. The court questioned the State as to why no objections or changes were made to the PSI report when asked if any objections or changes were needed. The State responded that it could not object to the fact Smith had spent 92 days in jail. The State noted it was informing the court that Smith had already received jail time credit in another case for most of the 92 days. Because Smith received jail time credit amounting to 64 days in case No. 02CR486, the court subtracted those days from the jail time credit awarded in the present case and ultimately gave Smith a jail time credit of 28 days.

Smith objected to the reduction in jail time credit, arguing the trial court could not modify a sentence once it had been announced. The court denied the objection. Smith filed a timely notice of appeal.

Smith contends that under the Kansas Sentencing Guidelines Act (KSGA), the trial court was without jurisdiction to modify his sentence by subtracting jail time credit after the court had imposed a lawful sentence. Relying on *State v. Zirkle*, 15 Kan. App. 2d 674, 678, 814 P.2d 452 (1991), Smith argues that once the court imposed his sentence, the court was unable to vacate that sentence and impose a harsher sentence.

Interpretation of the KSGA is a question of law and the appellate court's scope of review is unlimited. *State v. Perez-Moran*, 276 Kan. 830, 833, 80 P.3d 361 (2003); *State v. Prater*, 31 Kan. App. 2d 388, 392, 65 P.3d 1048, *rev. denied* 276 Kan. 973 (2003).

A sentence is effective when it is pronounced from the bench, not from the date of filing of the journal entry. Once a sentence is imposed, the sentencing court is powerless to vacate that sentence and impose a harsher sentence. *State v. Jackson*, 262 Kan. 119, 140, 936 P.2d 761 (1997); see also *State v. Rinck*, 260 Kan. 634, 637-45, 923 P.2d 67 (1996) (discussing due process protections upon resentencing).

"An illegal sentence subject to correction is a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, . . . or a sentence which is ambiguous with respect to the time and manner in which it is to be served. [Citation omitted.]" *State v. Huff*, 277 Kan. 195, 199, 83 P.3d 206 (2004).

K.S.A. 2004 Supp. 21-4614 establishes that a defendant is entitled to receive jail time credit. A defendant is entitled to receive credit for time in jail solely for the pending charge for which the defendant is later sentenced. *Campbell v. State*, 223 Kan. 528, 530-31, 575 P.2d 524 (1978).

According to *State v. Royse*, 252 Kan. 394, 398, 845 P.2d 44 (1993), after it has imposed a sentence, the trial court cannot vacate the sentence and impose a harsher sentence. However, the sentencing court can modify its judgment within 90 days after entry of judgment to correct arithmetic and clerical errors. K.S.A. 21-4721(i).

In *Royse*, the defendant pled guilty to two counts of second-degree murder. The district court sentenced the defendant to a term of 15 years to life on each count. At sentencing, the court failed to address whether the sentences were to run consecutive to or concurrent with each other. Upon discovering the omission—4 days after sentencing—*sua sponte*, the court ordered the sentences to run consecutively. The *Royse* court held that once the district court imposed a sentence, it could not vacate the sentence and impose a harsher sentence. 252 Kan. at 398.

Smith's case can be distinguished because the district court in *Royse* changed the original sentence 4 days after the imposition of the original sentence. In this case, the court corrected the jail time credit error at the sentencing hearing. Furthermore, in *Royse* the

district court changed the original sentence by running the sentences consecutively. In this case, the original sentence did not change.

In *Zirkle*, the defendant pled guilty to burglary, was placed on probation, and subsequently violated the terms of his probation. The district court sentenced the defendant to a term of 1 to 5 years' imprisonment. The court later discovered the defendant was entitled to 6 months of jail time credit, vacated the original sentence, and resentenced the defendant to a term of 2 to 5 years' imprisonment. The *Zirkle* court determined that K.S.A. 1990 Supp. 21-4603(4)(a) permitted a downward modification of a sentence, but construed the statute and case law interpreting the statute to mean the court could not vacate a sentence and impose a harsher sentence. 15 Kan. App. 2d at 678..

This case can also be distinguished from *Zirkle* in that when the district court vacated the defendant's original sentence it increased the term of the original sentence. In this case, the original sentence of 11 months did not change. Only the number of days credited for jail time served changed.

In *State v. Cockerham*, 266 Kan. 981, 985, 975 P.2d 1204 (1999), which the State relied on in this case, the court found that granting the defendant jail time credit did not constitute a modification in the defendant's sentence. In *Cockerham*, as a question reserved, the State appealed the district court's order denying its motion to correct an illegal sentence. The defendant was convicted of aggravated assault and aggravated kidnapping, and sentenced to a 10 to 20 year term. The defendant was released on bond, and while out on bond, committed a felony offense in Kentucky. The defendant pled guilty and was sentenced to 10 years' incarceration in Kentucky.

After completing his time in Kentucky, the defendant returned to Kansas and was ordered to serve the sentence previously imposed and allowed 1,329 days as a credit for time served; the State did not object. On a later date, the defendant filed a motion to modify his sentence, and the court entered a nunc pro tunc order correcting the number of days credited to the defendant for jail time served; the State did not object. The State later filed a motion

to correct the illegal sentence, arguing that granting credit on the defendant's Kansas sentence for the time spent in Kentucky modified the defendant's sentence.

As in the present case, the parties in *Cockerham* pointed to the statutory authority of 21-4614; however, the *Cockerham* court determined that 21-4614 did not apply to the facts of the case because the statute related to the allowance for time spent incarcerated and not the modification of a sentence. As noted above, the court ultimately held that the "district court's grant of credit to a defendant on his earlier Kansas sentence for time served in . . . Kentucky on a subsequent Kentucky conviction is not a modification of the defendant's Kansas sentence." 266 Kan. at 985.

Smith argues that since the district court subtracted 64 days of jail time credit from the sentence imposed, his sentence resulted in a modification and an imposition of a harsher sentence, which was illegal.

Because *Cockerham* involved a scenario where the court changed the amount of jail time credit after pronouncing the defendant's sentence, it closely resembles the present case. However, there is one notable difference. In this case, the court increased the number of actual days Smith was to serve on his sentence by subtracting jail time credit, whereas the court in *Cockerham* decreased the number of days spent in jail by adding jail time credit. Nevertheless, the *Cockerham* court determined there was no modification of the sentence if the original sentence imposed remained the same. In this case, the original sentence of 11 months remained the same. Therefore, based on *Cockerham*, the trial court did not modify the sentence when it changed Smith's jail time credit.

In *State v. Casida*, case No. 86,576, unpublished opinion filed October 26, 2001, the defendant filed a motion for summary disposition of a sentencing appeal in accordance with Supreme Court Rule 7.041a. (2003 Kan. Ct. R. Annot. 50.) The defendant contended the district court erred when it modified the amount of jail time credit granted after imposing his sentence. At a hearing on a postsentence motion to correct a journal entry filed by the defendant, the court discovered it had incorrectly calculated jail time served. The court credited the defendant with 18 days of jail time

served instead of 105 days. The defendant appealed, stating the court had no authority to modify his sentence by subtracting jail time credit because the court cannot vacate an imposed sentence for a harsher sentence. However, based on *Cockerham*, the *Casida* court found the district court had the authority to correct jail time credit because the correction did not constitute a modification of a lawfully imposed sentence.

The trial court did not modify Smith's sentence, only the amount of jail time credit he was receiving.

Affirmed.