NOT DESIGNATED FOR PUBLICATION

No. 111,863

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEVIN MITCHELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed October 9, 2015. Reversed and remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., STANDRIDGE and POWELL, JJ.

*Per Curiam*:  Kevin Mitchell appeals from the trial court's judgment denying his postsentence motion for jail-time credit. The State, however, contends that this court lacks jurisdiction to entertain Mitchell's jail-time credit issue because this issue was considered during his sentencing and because he failed to appeal from the trial court's decision. We disagree.

We determine that when jail-time credit was not specifically addressed at sentencing, Mitchell had the right to file a motion to correct a judgment relative to

earned, but not awarded, jail-time credit. Moreover, we determine that because Mitchell was entitled to additional earned, but not awarded, jail-time credit, the trial court had both the jurisdiction and the duty to correct the jail-time credit in accordance with K.S.A. 2014 Supp. 21-6615(a). As a result, we reverse and remand with directions to the trial court for the purpose of calculating and awarding the correct jail-time credit earned, but not awarded, to Mitchell.

Mitchell seeks full credit toward his 21-month prison sentence for the 131 days he spent in jail awaiting disposition of a charge of tampering with electronic monitoring equipment (unlawful tampering).

Mitchell pled guilty to a single count of tampering with an electronic device. At sentencing, on October 28, 2013, the trial court stated that Mitchell "is entitled to and shall receive credit for jail time served on this matter." The journal entry of judgment specifically indicated that Mitchell was in custody from June 19, 2013, to October 28, 2013, in association with this case. But the journal entry of judgment stated that he would be awarded only 1 day of jail credit because he was being held in custody on 08CR3266 from June 20, 2013, to October 28, 2013. Mitchell did not appeal from his sentence.

On December 6, 2013, Mitchell filed his pro se motion for jail-time credit which is the subject of this appeal.

On January 2, 2014, the State filed its response, agreeing in part with Mitchell's motion. In particular, the State conceded that Mitchell was entitled to 40 more days of jail-time credit (for the time period between September 18 and October 28, 2013) because he was only detained in 08CR3266 from June 20 until he was discharged from his sentence in that case on September 17, 2013.

2

On January 29, 2014, the trial court entered its judgment summarily denying Mitchell's motion. For reasons not clear from the record, the court did so on two separate motion minute sheets. In one order, the trial court simply stated that Mitchell "has received all appropriate credit." In the other order, the trial court stated: "This matter was ruled on at sentencing and denied. The defendant has one day of credit attributable to this case. The remaining 130 days were attributed to 08 CR 3266."

On February 18, 2014, Mitchell filed his notice of appeal to this court. After docketing the appeal, this court issued an order to show cause questioning jurisdiction over the appeal:

> "Appellant filed a pro se motion for jail time credit, and the notice of appeal that followed the district court's ruling was filed within 30 days of that ruling. However, in the journal entry, the district court noted that the issue of jail credit was addressed at Appellant's sentencing hearing in October 2013. Under K.S.A. 2013 Supp. 22-3608(c) and *State v. Walker*, 2014 WL 902153, when the district court rules on jail time at sentencing, a defendant may only appeal the jail-credit within 14 days of sentencing, as a direct appeal of that sentence. Given that fact, this court questions whether it has jurisdiction to consider this appeal."

The State responded, indicating that *Walker* controlled and that this court was without jurisdiction. Mitchell responded, indicating that "[b]ecause there was no discussion on the record at sentencing regarding the specific assignment of jail credit, Mitchell respectfully argues that *Walker* does not apply to this case." This court stated: "Because it is unclear whether all of Appellant's jail-time credit issues were addressed at the sentencing hearing, this appeal is retained."

3

*Standard of Review*

This court exercises unlimited review in determining whether it has jurisdiction to consider the merits of an appeal. See *State v. Charles*, 298 Kan. 993, 1002, 318 P.3d 997 (2014).

*Analysis*

It is settled law that our appellate courts only have jurisdiction to consider appeals taken in the manner prescribed by statute because the right to appeal is purely statutory. *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343, *rev. denied* 297 Kan. 1251 (2013). Under K.S.A. 2014 Supp. 22-3608(c), a criminal defendant has 14 days from sentencing to file a notice of appeal. See *Wahl v. State*, 301 Kan. 610, 615, 344 P.3d 385 (2015) (noting 14-day period for appeal runs from sentencing date). If a notice of appeal is not filed within the statutory time period, the appeal must be dismissed unless one of several exceptions applies to permit a filing after the deadline has expired. See *State v. Hemphill*, 286 Kan. 583, 588, 186 P.3d 777 (2008).

A defendant who is sentenced to incarceration must be given credit for all time spent in custody solely on the charge for which he is being sentenced. K.S.A. 2014 Supp. 21-6615(a). A sentencing court must calculate any credit due a defendant for time already spent in custody to compute the start date for that defendant's sentence. For this reason, Kansas courts have held that calculating jail credit is part of the sentence imposed on a defendant. See *State v. Denney*, 278 Kan. 643, 648, 101 P.3d 1257 (2004).

In this case, Mitchell appeared in person at the October 28, 2013, sentencing hearing when the sentencing court pronounced that Mitchell was "entitled to and shall receive credit for jail time served on this matter." But the amount of credit due to Mitchell for jail time served was not pronounced at the hearing; instead, the sentencing

court waited until it filed the November 5, 2013, journal entry of sentencing to announce the 1-day of jail time credit it calculated. Notably, only the trial judge and the prosecutor signed the journal entry; Mitchell's counsel did not. So Mitchell was not present when the sentencing court announced the 1-day jail-time credit it calculated, and there is no evidence in the record that Mitchell was represented by counsel when the calculation of jail-time credit was made.

In *State v. Walker*, No. 109,309, 2014 WL 902153, at *4 (Kan. App. 2014) (unpublished opinion), *rev. denied* __ Kan. __ (March 2015), the court pointed out, hypothetically, that two situations existed that might show it had jurisdiction to consider the merits of Walker's claim. The *Walker* court considered both in determining that it lacked jurisdiction over the appeal. Mitchell relies on *Walker*'s second hypothetical:

> "Walker could argue that the court awarded him the 24 days of jail-time credit at sentencing when it pronounced from the bench that he would receive credit (without specifying the number of days), particularly because a sentence is effective when pronounced from the bench rather than written in the journal entry. *Abasolo v. State*, 284 Kan. 299, 304, 160 P.3d 471 (2007). Under this argument, it may have been proper for Walker to file his initial pro se motion for jail credit to secure the credit he had arguably been awarded at sentencing. But res judicata is again determinative. The court denied Walker's motion for jail credit by adopting the State's response to the motion, concluding that the '[d]efendant was not solely in custody on this case.' *Walker did not appeal the court's order on his motion for jail credit.* As a result, that order became final, and his later illegal-sentence motion, which raised the same underlying issue, was barred by res judicata. See *State v. Kelly*, 291 Kan. 868, 874-75, 248 P.3d 1282 (2011). Walker cannot now use his motion to correct an illegal sentence to 'breathe new life' into the jail-credit issue that was previously determined against him. *State v. Martin*, 204 Kan. 638, 640-41, 279 P.3d 704 (2012) (finding that res judicata barred the court from considering a motion to correct an illegal sentence based on an issue that had been raised previously), *cert. denied* 134 S. Ct. 114." (Emphasis added.) *Walker*, 2014 WL 902153, at *4.

5

Mitchell correctly points out that his case stands in stark contrast to the second hypothetical of *Walker*. Here, res judicata would not bar Mitchell's appeal, based on *Walker*'s hypothetical, because Mitchell did appeal, unlike Walker, from the judgment denying his pro se motion for jail-time credit.

*Walker* aside, our concern is that the trial court either has jurisdiction to correct jail-time credit or it does not. We believe that a trial court has jurisdiction to correct a judgment relative to earned, but not awarded, jail-time credits. In *State v. Cockerham*, 266 Kan. 981, 985, 975 P.2d 1204 (1999), our Supreme Court ruled that a trial court's order correcting jail-time credit was not a modification of a defendant's sentence. In so ruling, the *Cockerham* court stated: "The original sentence imposed by the court remains the same." 266 Kan. at 985. This ruling indicates that a trial court has both the jurisdiction and the duty to later correct jail-time credit on a motion brought by a defendant.

The awarding of pretrial jail credits is mandated by K.S.A. 2014 Supp. 21-6615(a). Indeed, in *State v. Fowler*, 238 Kan. 326, 335, 710 P.2d 1268 (1985), the court held: "'Jail time credit' must be determined by the sentencing court and included in the journal entry at the time the trial court sentences the defendant to confinement. This requirement is found in K.S.A. 21-4614." K.S.A. 21-4614 is now K.S.A. 2014 Supp. 21-6615(a). See also *State v. Theis*, 262 Kan. 4, 7, 936 P.2d 710 (1997). K.S.A. 2014 Supp. 21-6615(a) provides that the trial court shall establish a date "to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." Here, the State has previously conceded that the trial court erroneously calculated the jail-time credit to which Mitchell was entitled. Thus, the trial court's failure to award duly earned pretrial jail credit is in direct contravention of the express provisions of K.S.A. 2014 Supp. 21-6615(a). Based on the mandatory language of K.S.A. 2014 Supp. 21-6615(a), a trial court has both the

6

jurisdiction and the duty to correct judgments relative to earned, but not awarded, jail credits.

Here, the sentencing court did not specifically determine the jail-time credit and included it in the journal entry when the sentencing court sentenced Mitchell to confinement as required by *Fowler* and *Theis*. As a result, we reverse and remand with directions to the trial court for the purpose of calculating and awarding the correct jail-time credit earned, but not awarded, to Mitchell.

Reversed and remanded with directions.

\* \* \*

POWELL, J., dissenting:  I agree with the majority that jail credit is part of a defendant's sentence and that "'[j]ail time credit' must be determined by the sentencing court and included in the journal entry at the time the trial court sentences the defendant to confinement." *State v. Theis*, 262 Kan. 4, 7, 936 P.2d 710 (1997) (quoting *State v. Fowler*, 238 Kan. 326, 335, 710 P.2d 1268 [1985]); see also *State v. Brown*, No. 111,052, 2015 WL 1782643, at \*2 (Kan. App. 2015) (unpublished opinion) (calculating jail credit part of imposing sentence); *State v. Lakin*, No. 111,060, 2014 WL 5313708, at \*2 (Kan. App. 2014) (unpublished opinion) (same). I also agree that we only have jurisdiction to consider appeals taken in the manner prescribed by statute. *State v. Gill*, 287 Kan. 289, 294, 196 P.3d 369 (2008). These established principles compel me to disagree with the majority's conclusion that the district court retains the (apparently unlimited) jurisdiction and duty to later correct jail-time credit on a motion brought by a defendant. I therefore dissent.

The majority correctly states that under K.S.A. 2014 Supp. 22-3608(c), a criminal defendant has 14 days from sentencing to file a notice of appeal. See *Wahl v. State*, 301

Kan. 610, 615, 344 P.3d 385 (2015) (noting 14-day period for appeal runs from sentencing date). Moreover, if a notice of appeal is not filed within the statutory time period, the appeal must be dismissed for lack of jurisdiction. See *State v. Hemphill*, 286 Kan. 583, 588, 186 P.3d 777 (2008). Because jail credit is part of a defendant's sentence and because Mitchell never filed an appeal from his sentence and jail credit determination, his appeal is barred. Our Supreme Court's holding in *State v. Cockerham*, 266 Kan. 981, 985, 975 P.2d 1204 (1999), which merely stands for the proposition that the granting of jail credit is not a modification of a defendant's sentence, doesn't change this calculus.

The fact that Mitchell timely appealed from the district court's denial of his motion for jail credit is of no help to him either as I question the validity of a postsentencing motion for jail credit as it does not exist in the Kansas code of criminal procedure. Recognizing this, our court for many years treated motions for jail credit as either motions to correct an illegal sentence or motions under K.S.A. 60-1507. See *State v. Dunbar*, No. 101,919, 2010 WL 2044939, at *2 (Kan. App.) (unpublished opinion), *rev. denied* 290 Kan. 1097 (2010); but see *State v. Lofton*, 272 Kan. 216, 217, 32 P.3d 711 (2001) (attack on computation of jail credit not a claim of an illegal sentence); *State v. Muldrow*, No. 107,291, 2013 WL 1149704, at *3 (Kan. App.) (unpublished opinion) (attack on computation of jail credit not a claim under K.S.A. 60-1507), *rev. denied* 297 Kan. 1253 (2013).

However, even allowing that a postsentencing motion for jail credit is a proper vehicle for a defendant to obtain any earned jail credit, Mitchell is still out of time as he filed his motion more than 14 days after the journal entry reflecting his jail-time credit was filed. See *State v. Blazier*, No. 110,070, 2014 WL 4916599, at *4 (Kan. App. 2014) (unpublished opinion) (defendant's motion for jail credit filed years after district court's jail credit calculation untimely).

8

Accordingly, I would dismiss Mitchell's appeal.