NOT DESIGNATED FOR PUBLICATION

No. 116,148

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAWN MATTHEW BLAZIER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed August 18, 2017. Reversed and remanded with directions.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Brock R. Abbey*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., GREEN and HILL, JJ.

*Per Curiam*: Shawn Matthew Blazier appeals the district court's denial of his motion for jail time credit. After his arrest on May 19, 2015, Blazier spent 171 days in detention before accepting a plea and receiving his sentence. Forty-seven days after sentencing, Blazier filed a motion for jail time credit, arguing that the court should award 171 days' credit to his sentence in this case. The court denied the motion, reasoning that the credit should apply to two earlier cases that Blazier was on postrelease supervision for at the time of sentencing. Because jail time credit cannot be applied to unrevoked periods of postrelease supervision, the court erred in denying Blazier's motion. However, to

1

ensure that Blazier does not receive credit for twice the time he actually spent incarcerated, we remand Blazier's case to determine whether the State actually applied credit to the prior cases. It should be stated precisely how the jail time credit was allocated.

On July 6, 2015, Blazier pled guilty to one count of fleeing or attempting to elude a police officer, a severity level 9 person felony, contrary to K.S.A. 2014 Supp. 8-1568; possession of Xanax, a class A misdemeanor, contrary to K.S.A. 2014 Supp. 21-5706(b)(1); possession of drug paraphernalia, a class A misdemeanor, contrary to K.S.A. 2014 Supp. 21-5709(b)(2); and battery, a class B person misdemeanor, contrary to K.S.A. 2014 Supp. 21-5413(a)(2).

At sentencing on November 6, 2015, the district court imposed a controlling 16-month prison term for the fleeing or eluding charge, with 12 months of postrelease supervision. The sentences for the misdemeanor charges were ordered to run concurrent with each other. Blazier was granted "credit for any jail time to which he's entitled in this case."

The district court also ordered this case to run consecutive to cases 04CR999 and 01CR1158, two cases for which Blazier was on postrelease supervision. At the time of sentencing, that postrelease supervision had not been revoked and there was not a hold based on it. The record does not indicate whether the State later revoked Blazier's postrelease supervision.

Between his arrest and sentencing, Blazier had spent 171 days incarcerated in the Saline County Jail. On December 18, 2015, he filed a motion seeking that amount of jail time credit for the present case. Blazier asserted the State was improperly seeking to apply the credit to his postrelease supervision in 04CR999 and 01CR1158, even though he was in the Saline County Jail solely on the charges in this matter. At a hearing on the

2

motion, the district court stated it believed the credit should be applied to the earliest cases first due to the consecutive sentencing. The district court denied the motion and the journal entry of sentencing indicated that Blazier would receive 0 days of jail time credit for this case.

Blazier filed notice of appeal on December 23, 2015, 3 days after denial of his motion, but 47 days after sentencing.

As a preliminary matter, there may be some concern that we lack jurisdiction to hear Blazier's appeal, since he filed it more than 14 days after sentencing, contrary to K.S.A. 2016 Supp. 22-3608(c). See, e.g., *State v. Mitchell*, No. 111,863, 2015 WL 5927041, at *4-5 (Kan. App. 2015) (Powell, J., dissenting) (unpublished opinion) (arguing that an appeal of jail time credit more than 14 days after sentencing is precluded by statute and that, furthermore, a post-sentencing motion for jail time credit may be invalid, since it does not exist in the Kansas code of criminal procedure); see also *State v. Henson*, No. 112,989, 2016 WL 105002, at *2-3 (Kan. App. 2016) (Powell, J., concurring) (arguing for the same proposition).

However, in *State v. Storer*, 53 Kan. App. 2d 1, 382 P.3d 467 (2016), the court determined that a district court may consider a motion for jail time credit at any time, as long as it has not previously made a considered ruling on the issue after hearing from both parties. 53 Kan. App. 2d at 3. The *Storer* court reasoned that K.S.A. 22-3504(2) grants jurisdiction, since it allows a court to correct clerical mistakes in judgments at any time, and jail time credit determinations are essentially clerical tasks at sentencing. 53 Kan. App. 2d at 4-5.

Under *Storer*, we have jurisdiction to hear Blazier's appeal. At his sentencing, neither party argued the issue of jail time credit and the district court said only that Blazier would receive the time to which he was entitled for this case. It was not until the

3

December 21 hearing on Blazier's motion for jail time credit that the district court ruled on the issue. Blazier timely appealed that denial 3 days later and, thus, we have jurisdiction to hear his appeal.

Kansas provides a statutory right to jail time credit. K.S.A. 2016 Supp. 21-6615(a); *State v. Theis*, 262 Kan. 4, 7, 936 P.2d 710 (1997). Our review is unlimited when interpreting a statute. *State v. Dale*, 293 Kan. 660, 662, 267 P.3d 743 (2011).

K.S.A. 2016 Supp. 21-6615(a) establishes a right to jail time credit. Its provisions are mandatory, but they only entitle a defendant to jail time credit for the time he or she was held in custody solely on the charge for which the defendant is being sentenced. *State v. Harper*, 275 Kan. 888, 890, 69 P.3d 1105 (2003). Thus, a defendant cannot receive jail time credit against an unrevoked term of postrelease supervision for time spent incarcerated on a new charge which results in a conviction and sentence. *White v. Bruce*, 23 Kan. App. 2d 449, 451, 932 P.2d 448 (1997). Instead, postrelease supervision is suspended until completion of the new sentence, unless the State revokes that supervision. 23 Kan. App. 2d at 451.

However, there is no statutory right for credit in excess of the time an individual is actually incarcerated in jail. *State v. Lofton*, 272 Kan. 216, 217-18, 32 P.3d 711 (2001). For example, a defendant sentenced to two consecutive terms who spent seven months in pretrial detention cannot then receive seven months' credit against both of his terms, since he or she would then receive credit for twice the amount of time actually spent incarcerated. 272 Kan. at 218.

When this potential for double credit arises, a court may correct the amount of jail time credit after sentencing. See *State v. Smith*, 33 Kan. App. 2d 554, 558, 105 P.3d 738 (2005). This does not constitute an illegal modification of a sentence as long as the original sentence of incarceration remains the same. Compare *Smith*, 33 Kan. App. 2d at

4

558 (court did not illegally modify sentence when it subtracted 64 days of jail time credit since original sentence remained 11 months' imprisonment) with *State v. Zirkle*, 15 Kan. App. 2d 674, 678, 814 P.2d 452 (1991) (court illegally modified sentence when it increased jail time credit but also changed the original sentence from one to five years' imprisonment to two to five years).

Here, though neither party cites them, two Court of Appeals unpublished opinions are instructive. In *State v. Watkins*, No. 96,218, 2007 WL 2178070 (Kan. App. 2007) (unpublished opinion), Watkins was charged with felony fleeing and eluding while he was serving a term of postrelease supervision for a prior case. Although Watkins spent 21 days in detention before accepting a plea, the district court granted him only 1 day of jail time credit, reasoning that the State would apply the other 20 days to his postrelease supervision.

On appeal, the State argued that awarding Watkins the full 21 days on his new case would grant him twice what he was due, since it had already applied the 20 days to the postrelease supervision from the prior case. The *Watkins* court rejected the State's argument and ruled that the district court erroneously denied Watkins' motion, since *White* specifically prohibits applying jail time credit to an unrevoked term of postrelease supervision. *Watkins*, 2007 WL 2178070, at *3-4. Because the record was insufficient to establish whether Watkins ever received the 20 days towards his prior case, the court remanded with instructions to apply Watkins' credit towards his new case. 2007 WL 2178070, at *4.

Several years later, in *State v. Heil*, No. 106,578, 2012 WL 5392115 (Kan. App. 2012) (unpublished opinion), Heil was serving postrelease supervision on a prior felony when he pled guilty to one count of aggravated assault. At sentencing, the district court indicated that Heil was entitled to jail time credit, but the subsequent journal entry did not award any. When Heil filed a motion for jail time credit, the State asserted that credit

from the aggravated assault had already been applied to his term of postrelease supervision. The district court denied Heil's motion.

As in *Watkins,* based on the record on appeal, the *Heil* court could not establish whether the State had applied the jail time credit towards Heil's postrelease supervision. 2012 WL 5392115, at *3-4. However, whereas *Watkins* remanded with instructions to apply the jail time credit to the newer case, the *Heil* court remanded to determine whether awarding the credit to Heil's new assault case would impermissibly duplicate his credit. 2012 WL 5392115, at *4.

What neither *Watkins* nor *Heil* resolved, however, is what we should do when the record establishes that a defendant *did* already receive credit against a term of unrevoked postrelease supervision. Do we uphold the denial of a motion for jail time credit, since the defendant has no right to receive credit for twice the time he or she spent incarcerated? That this court has allowed for postsentencing modification of jail time credit to avoid duplication may support this position. Alternatively, do we reverse the denial and order the district court to apply the credit to the new sentence, since applying credit to a prior case is clearly prohibited?

Here, contrary to the State's assertions, the district court erroneously applied jail time credit to Blazier's earlier cases, even though it knew that Blazier was serving unrevoked postrelease supervision. That action is clearly at odds with the holding in *White*—credit earned on a new charge which results in a conviction and sentence cannot be applied to postrelease supervision from a prior case. *White*, 23 Kan. App. 2d at 451-52. Furthermore, the State does not contest that Blazier was incarcerated for 171 days solely for the charges in this case. Thus, Blazier was entitled by statute to receive 171 days of jail time credit against his sentence in this case.

6

However, even though the district court erroneously applied the credit to Blazier's postrelease supervision, we cannot resolve the conflict that *Watkins* and *Heil* left unsettled. That is because the record on appeal, like the record in *Watkins* and *Heil*, does not indicate whether Blazier actually received credit against the postrelease supervision in his prior cases, as the district court ordered.

We are confronted with what is essentially a choice between *Heil* and *Watkins*. To avoid giving Blazier more credit than he is owed, the State requests that we remand for a determination of jail time credit, which was the outcome in *Heil*. Blazier, on the other hand, requests that we reverse the denial of his motion and remand to apply credit to this case, the result in *Hawkins*.

It is clear that the district court should have granted Blazier 171 days of jail time credit in this case, pursuant to K.S.A. 2016 Supp. 21-6615(a), since he was incarcerated in the Saline County Jail solely on these charges. However, if the State already applied that time to his prior cases, Blazier should not receive credit for twice the amount of time he actually spent incarcerated. Thus, we remand to determine whether Blazier ever received that credit.

Reversed and remanded with directions.