NOT DESIGNATED FOR PUBLICATION

Nos. 116,119
116,120
116,121
116,122
116,123

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFFREY L. MCLEMORE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed December 29, 2017. Reversed and remanded with directions.

*Adam D. Stolte*, of Stolte Law, LLC, of Overland Park, for appellant.

*Ellen Hurst Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE, J., and MERLIN G. WHEELER, District Judge, assigned.

PER CURIAM: Jeffrey Lynn McLemore appeals the district court's denial of his request for jail credit. We agree with McLemore that the district court erred when it denied his request for jail credit for the reasons stated by the district court. Thus, we reverse and remand with directions for the district court to reassess the jail credit issue and to award McLemore the appropriate jail credit as required by Kansas law.

1

The record in this appeal is extremely complex, consisting of 74 volumes and involving 10 separate cases in district court. We will endeavor only to address the facts relevant to McLemore's single issue on appeal. The record reflects that on January 6, 2016, McLemore appeared for sentencing in four separate cases. In 14CR1031, the district court imposed a 32-month prison sentence with 12 months of postrelease supervision. In 14CR1025, the district court also imposed a 32-month prison sentence with 12 months of postrelease supervision. In 15CR108, the district court sentenced McLemore to 16 months in prison with 12 months of postrelease supervision. Finally, in 14CR717, McLemore was sentenced to 12 months in jail.

The district court ordered the above sentences to run concurrently with each other but consecutively to the cases in which McLemore was on parole or probation, which included 05CR1079, 05CR1345, 06CR82, 06CR779, 11CR632, and 11CR1087. At the time of McLemore's sentencing on January 6, 2016, it appears that he was on parole or postrelease supervision in 11CR1087. He was on probation in the remaining cases.

The district court then revoked McLemore's probation and ordered him to serve the underlying sentences in 05CR1079, 05CR1345, 06CR82, 06CR779, and 11CR632. The district court then ordered McLemore to be given credit for any jail time for which he was entitled. The district court stated that any disagreement on jail time calculations should be resolved prior to signing the journal entries.

After failing to reach an agreement on jail time calculations, the parties appeared for a hearing on March 17, 2016. The transcript of the hearing is confusing and hard to follow. McLemore stated he was not arguing that jail time days were missed but that they were credited improperly. Specifically, McLemore argued that he never properly received credit for the time he was in jail from May 13, 2014, to May 13, 2015, because that time was credited toward his postrelease term in 11CR1087, even though his postrelease

supervision was never revoked in that case. McLemore raised other issues concerning jail credit, but they are not relevant to the issue he has raised on appeal.

The State advised that the Kansas Department of Corrections (KDOC) had credited McLemore toward his postrelease term in 11CR1087 from May 13, 2014, until May 13, 2015, at which time the KDOC determined he had satisfied that case and he was released from their hold. Consequently, the State did not credit McLemore with the time for those dates. The State did not address whether McLemore's postrelease term was revoked in 11CR1087. The district court simply stated that it would not award additional jail credit because credit was already given in 11CR1087. McLemore timely appealed.

On appeal, McLemore claims the district court erred in denying his request for additional jail time credit. He renews his argument that he never properly received credit for the time he was in jail from May 13, 2014, to May 13, 2015, because that time was credited toward his postrelease term in 11CR1087, even though his postrelease supervision was never revoked in that case. Although McLemore raised other jail credit issues in district court, he does not raise them on appeal. An issue not briefed by the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). The State responds that the district court properly denied McLemore's request for jail credit because "the record establishes that McLemore already received the disputed days as credit against a term of unrevoked postrelease supervision."

The parties agree that the review of jail time credit requires the interpretation of a statute. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Kansas provides a statutory right to jail time credit. Under K.S.A. 2016 Supp. 21-6615(a), a defendant is entitled to jail time credit for the time he or she was held in custody solely on the charge for which the defendant is being sentenced. *State v. Harper*,

3

275 Kan. 888, 890, 69 P.3d 1105 (2003). There is no statutory right to jail time credit in excess of the time an individual is actually incarcerated in jail. *State v. Lofton*, 272 Kan. 216, 217-18, 32 P.3d 711 (2011). If there is doubt regarding jail credit time given to the defendant, a court may correct the amount of jail time credit after sentencing. *State v. Smith*, 33 Kan. App. 2d 554, 558-59, 105 P.3d 738 (2005). A correction of the amount of jail credit given to a defendant is not a modification of the sentence. 33 Kan. App. 2d at 558.

Kansas law is clear that a defendant cannot receive jail credit against an unrevoked term of postrelease supervision for time spent incarcerated on a new charge which results in a conviction and sentence. *White v. Bruce*, 32 Kan. App. 2d 449, Syl. ¶ 2, 932 P.2d 448, *rev. denied* 262 Kan. 969 (1997). Postrelease supervision is instead suspended until the completion of the new sentence, unless the State revokes that supervision. 23 Kan. App. 2d at 455. See also *State v. Blazier*, No. 116,148, 2017 WL 3575656, at *2-3 (Kan. App. 2017) (unpublished opinion) (jail time credit cannot be applied to unrevoked period of postrelease supervision); *State v. Heil*, No. 106,578, 2012 WL 5392115, at *3-4 (Kan. App. 2012) (unpublished opinion) (same ruling); *State v. Watkins*, No. 96,218, 2007 WL 2178070, at *2-3 (Kan. App. 2007) (unpublished opinion) (same ruling).

From the confusing record on appeal, we are unable to determine whether McLemore properly received credit for the time he spent in jail from May 13, 2014, to May 13, 2015. Generally, the party claiming an error occurred has the burden of designating a record that affirmatively shows prejudicial error. Without such a record, an appellate court presumes the action of the trial court was proper. *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015). We decline to apply that general rule to the case herein because the State's brief acknowledges that jail credit for the disputed days was applied against a term of unrevoked postrelease supervision contrary to the holding in *White*. The State's brief asserts that "it appears KDOC refuses to follow the *White v. Bruce* case."

Here, the district court determined McLemore received credit from May 13, 2014, to May 13, 2015, against his term of postrelease supervision in 11CR1087. The record does not reflect whether McLemore's term of postrelease supervision in 11CR1087 was ever revoked. However, McLemore has asserted in both district court and on appeal that his postrelease term in that case was never revoked, and the State's brief seems to concede that it was unrevoked. If McLemore's term of postrelease supervision in 11CR1087 was never revoked, then it appears that the one-year period of jail time in question was credited to a sentence that McLemore was never ordered to serve. The State cannot rely on the fact that the KDOC has credited the time in question to McLemore's postrelease term in 11CR1087 if it was improper for the KDOC to apply the credit to that case in the first place. In this situation, for McLemore to properly receive credit for the one-year period of jail time in question, the district court would need to credit the time in one of McLemore's other cases in which he has been ordered to serve his sentence.

The State's brief does not dispute that McLemore is entitled to credit for the time he spent in jail from May 13, 2014, to May 13, 2015. The State's brief further indicates that it "does not care" which case the time is credited provided that McLemore does not receive duplicate credit. The district court erred to the extent that it allowed the one-year period of jail time in question to be credited to McLemore's unrevoked postrelease term in 11CR1087. We remand with directions for the district court to reassess the jail credit issue. If McLemore's postrelease term in 11CR1087 was never revoked, then the district court must award credit for the dates in question in one of McLemore's other cases for which he has been ordered to serve his sentence in such a way that he receives jail credit for the dates in question without impermissibly duplicating the credit.

Reversed and remanded with directions.

5