NOT DESIGNATED FOR PUBLICATION

No. 114,710

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LLOYD L. JACKSON, III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; BILL KLAPPER, judge. Opinion filed August 19, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before POWELL, P.J., ARNOLD-BURGER, J., and WALKER, S.J.

*Per Curiam*:  Lloyd L. Jackson, III, appeals from the district court's order revoking his probation and ordering that he serve his underlying prison sentence. Pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67), we granted Jackson's motion for summary disposition in lieu of briefing. Jackson contends that by ordering him to serve his underlying prison sentence, the district court imposed a harsher sanction than at previous hearings. After reviewing the record, we affirm.

In February 2012, Jackson pled no contest to a single count of theft, and the district court sentenced him to 12 months' probation with an underlying sentence of 12 months' imprisonment. Although the State moved to revoke Jackson's probation a short time later, the district court ultimately extended his probation term until October 2014.

1

Shortly before this term expired, the State moved first to impose an intermediate sanction and then to revoke his probation entirely. Immediately after Jackson's sentencing for a new felony, the district court took up the issue of probation revocation. Jackson stipulated to violating his probation, and the district court revoked Jackson's probation and ordered him to serve his original sentence.

However, as the district court failed to make the requisite intermediate sanction findings, Jackson returned to court a few days later. There, the district court heard the State's amended motion to revoke which included the allegation that Jackson had been convicted of a new felony. At the hearing, Jackson argued that by revoking his probation, the district court subjected him to a harsher punishment than it had announced from the bench when originally sentencing him. He contended that the district court either needed to reinstate his probation or order his original sentence to run concurrently with the sentence from his new conviction.

The district court denied Jackson's motion, finding that the sentence imposed was not harsher than the one originally announced. Taking judicial notice of Jackson's new felony conviction, the district court again revoked Jackson's probation, this time finding that Jackson was not eligible for intermediate sanctions. Jackson timely appealed.

On appeal, Jackson argues only that the district court imposed a harsher sentence than originally announced when it revoked his probation and ordered him to serve his underlying prison sentence. He is correct that a Kansas court lacks authority to later impose a harsher sentence than the one originally announced. See *State v. Royse*, 252 Kan. 394, 398, 845 P.2d 44 (1993). But a review of the record indicates that the underlying prison sentence from Jackson's original sentencing is the same as the one the district court ordered him to serve when revoking his probation. Moreover, and as observed by the district court, our Kansas statutes authorize ordering Jackson to serve his

2

underlying sentence consecutively with the one from his new conviction. See K.S.A. 2015 Supp. 21-6606(a), (c).

As is often repeated, unless required by law, probation is a privilege and not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). And once there is evidence of a probation violation, revocation is in the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). An abuse of discretion only occurs when the action is arbitrary, fanciful, or unreasonable, based on an error of law, or based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

Here, Jackson stipulated to violating the conditions of his probation. Based on the appellate record, the district court's decision to revoke his probation was not arbitrary, fanciful, or unreasonable. We conclude that the district court did not abuse its discretion by revoking Jackson's probation and ordering him to serve the underlying prison sentence.

Affirmed.