NOT DESIGNATED FOR PUBLICATION

No. 121,628

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KATIE M. EVANS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed September 4, 2020. Vacated and remanded with directions.

*Kristen B. Patty*, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., STANDRIDGE and GARDNER, JJ.

PER CURIAM: Katie M. Evans claims the district court failed to pronounce her misdemeanor sentence for escape from custody in open court. We agree. Because the district court failed to pronounce a complete sentence in open court, we void the sentence stated in the journal entry and remand this case to the district court for sentencing.

*Factual and Procedural Background*

In 2017, under a plea agreement, Evans pleaded guilty to aggravated battery, a felony, in one case, and escape from custody, a misdemeanor, in another case. The parties agreed that Evans would serve 30 days in the county jail for escape from custody and this sentence would run consecutive to a 2015 case.

In 2019, the district court held a sentencing hearing for both cases. Evans and her counsel were both present at the sentencing hearing. The district court noted that it normally resolved sentences for misdemeanor escape from custody without a hearing, but, since they were having a hearing, it would hear argument. The State asserted that Evans had violated provisions in her plea agreement, so it was not bound by the 30 days stated in the plea agreement. Rather, it asked the district court to sentence Evans to 12 months in jail for her misdemeanor charge and run the sentence concurrent with her presumptive prison sentence for aggravated battery. Evans asked for credit for time served or the 30 days, as stated in the plea agreement.

The district court first sentenced Evans for her felony:

> "I find that the primary crime that controls the base sentence is aggravated battery. It is a severity level 7 crime. It is a nondrug person felony placing the defendant in grid box 7-B. Upon those findings I sentence the defendant to a term of 29 months in the custody of the Secretary of Corrections. . . . The sentence in this case is consecutive to prior sentences. It will be concurrent with the sentence in [the escape from custody case]."

The district court did not say anything more about Evans' sentence for her misdemeanor escape from custody case. Still, the Journal Entry of Judgment stated the district court sentenced Evans to 12 months in the county jail for that crime.

2

Evans timely appeals.

*The District Court Failed to Pronounce Evan's Sentence in Open Court.*

"The court may correct an illegal sentence at any time while the defendant is serving such sentence." K.S.A. 2019 Supp. 22-3504(a). And a defendant may challenge a sentence even for the first time on appeal. *State v. Fisher*, 304 Kan. 263, 264, 373 P.3d 781 (2016). Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

*Analysis*

K.S.A. 2019 Supp. 22-3424(a) states:  "The judgment shall be rendered and sentence imposed in open court." A sentence is effective when pronounced from the bench. A sentence is the judgment of the court that formally declares to the accused the legal consequences of his or her conviction. [Citations omitted.]" *State v. Tafoya*, 304 Kan. 663, 666, 372 P.3d 1247 (2016).

> "Our caselaw also has articulated a corollary to these rules:  "'The court's judgment and sentence in a criminal case do not derive their effectiveness from the journal entry, or from any act of the clerk; they are effective when announced."' *State v. Phillips*, 289 Kan. 28, 33, 210 P.3d 93 (2009) (quoting *State v. Royse*, 252 Kan. 394, 397, 845 P.2d 44 [1993]). "'The journal entry 'is thus a record of the sentence imposed; but the actual sentencing occurs when the defendant appears in open court and the judge orally states the terms of the sentence.'"' *Phillips*, 289 Kan. at 33 (quoting *Abasolo*, 284 Kan. at 303). Announcing the sentence in the defendant's presence 'protects the defendant's rights, as "[t]he defendant is personally present [when the sentence is imposed], and thus knows that *at that moment* he or she has been sentenced, fined, or placed on probation, or that the imposition of sentence has been suspended."' *Abasolo*, 284 Kan. at 308." *State v. Hilt*, 307 Kan. 112, 128 (2017).

3

*Abasolo v. State*, 284 Kan. 299, 304, 160 P.3d 471 (2007), found that including a term in the journal entry does not correct the court's error of failing to pronounce a complete sentence. That rule applies here.

The district court failed to pronounce from the bench a sentence that formally declared the legal consequences of Evans' escape from custody conviction. The judge only alluded to this misdemeanor case by saying: "The felony case will be concurrent with the sentence in [the escape from custody case]." Thus Evans never received an effective sentence for her misdemeanor crime, and the sentence contained within the journal entry is ineffective and void.

But this error does not mean Evans need not serve a sentence for her crime. The court's error in failing to pronounce a sentence does not affect Evans' conviction of her misdemeanor or divest the district court of jurisdiction to sentence her for it. See K.S.A. 2019 Supp. 22-3405; *State v. Kelly*, 213 Kan. 237, 243, 515 P.2d 1030 (1973).

The State argues that because Evans' misdemeanor sentence is concurrent with her felony sentence, the court's failure to pronounce her misdemeanor sentence makes no practical difference, so we need not remand. Although the State may be correct about the practicalities, we cannot relieve the district court of its statutory duty to pronounce a sentence. We thus remand this case with instructions for the district court to pronounce a complete sentence for Evans' misdemeanor crime. See *State v. Bott*, No. 120,970, 2020 WL 3487480, at *2-3 (Kan. App. 2020) (unpublished opinion) (remanded with directions to pronounce sentence when district court failed to include good time percentage).

Vacated and remanded with directions.